A90A1126. ROBERTS v. THE STATE.
(396 SE2d 81)

McMURRAY, Presiding Judge.

Defendant Roberts appeals his conviction of a violation of the Georgia Controlled Substances Act, selling cocaine. The sole enumeration of error contends that the trial court erred in permitting a State crime laboratory forensic drug chemist to testify as to scientific tests conducted on the alleged cocaine. *Held:*

Prior to trial, defendant made a proper and timely written demand pursuant to OCGA § 17-7-211 for any and all written scientific reports in the possession of the prosecution which were to be introduced into evidence against defendant. The State furnished defendant with a one-page document which stated that the substance at issue had tested positive for cocaine. At trial, defendant sought to exclude the testimony of the crime laboratory expert on the theory that she was testifying from scientific reports other than those furnished to defendant.

It is well-established that the State is not required, under OCGA § 17-7-211, to furnish defendant with its expert's notes, work product, recordation of data, internal documents, or graphs. *Durden v. State,* 187 Ga. App. 154, 156-157 (369 SE2d 764) (affirmed 258 Ga. 720 (375 SE2d 610)); *Williams v. State,* 251 Ga. 749, 753 (3) (312 SE2d 40). Thus, it becomes necessary to distinguish between those documents beyond the purview of the statute and those scientific reports which must be provided to defendant if they are to be admitted into evidence. In determining what constitutes a "written scientific report" it has been stated that the common element is that "each includes the examiner's findings based on scientific analysis or his or her opinion." *State v. Madigan,* 249 Ga. 571, 574 (fn. 2) (292 SE2d 406). See also *Williams v. State,* 251 Ga. 749, 754, supra, and *Durden v. State,* 187 Ga. App. 154, 157, supra.

The crime laboratory expert testified that she performed a series of three tests on the substance, that each of the tests indicated that the substance was cocaine, but that she would not form an opinion as to the identity of the substance based on only one test. While defendant contends that the data or results from each individual test should

have been provided to him, it is clear that the individual test results did not include any expression of the expert's conclusions or opinion so as to amount to a "written scientific report." Consequently, we find no violation of OCGA § 17-7-211. *State v. Madigan*, 249 Ga. 571, 574 (fn. 2), supra. Nor is this a case such as *Durden v. State*, 187 Ga. App. 154, 157, supra, in which the State omitted from its written report the "quantifying substance of its forensic case against the defendant. . . ."

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED JULY 16, 1990.

*James A. Nolan*, for appellant.

*Joseph H. Briley*, District Attorney, *James L. Cline*, Assistant District Attorney, for appellee.