## A90A1956. JOHNSON v. THE STATE.
(402 SE2d 115)

COOPER, Judge.

Appellant was charged in a multi-count indictment with three counts of child molestation and two counts of aggravated child molestation. He was convicted by a jury on all counts and appeals from the denial of his motion for new trial.

1. The evidence adduced at trial reveals that one of the victims, Tammy, was the niece of appellant's wife, and lived with appellant and his wife from the time she was six until she was 12 years old. Tammy and her friend Diedre, who was younger than Tammy were molested by appellant on numerous occasions while Tammy was living with appellant. Both victims gave statements to the police and testified at trial describing the nature of the sexual acts which appellant performed on them and also acts that appellant forced the two victims to perform on each other. Viewing the evidence in favor of the State, the evidence was sufficient for a rational trier of fact to find appellant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends in his second enumeration of error that the trial court erred in not dismissing the indictment on the ground that the indictment failed to allege dates and times of offenses with sufficient particularity to enable appellant to prepare his defense. Counts I, II, and IV of the indictment alleged that the offenses occurred between June 1985 and June 30, 1988. Counts III and V alleged that the offenses occurred between June 1985 and July 1986. "The indictment alleged specific dates as required, and, in any event, the State was not limited to proving that the offense was committed only on a specific date alleged. [Cits.]" *Murphy v. State*, 195 Ga. App. 878 (1) (395 SE2d 76) (1990).

3. Appellant also enumerates as error the trial court's denial of his motion to dismiss the indictment on the ground that it was based solely on hearsay evidence. "First, the evidence presented at trial does not demand a finding that the indictment was returned wholly upon hearsay evidence. Secondly, the sufficiency of the legal evidence before a grand jury is not subject to inquiry. [Cits.]" *Hornsby v.*

*State*, 159 Ga. App. 672, 673 (2) (284 SE2d 630) (1981). See also *Reaves v. State*, 242 Ga. 542 (2) (250 SE2d 376) (1978).

4. In his fourth and fifth enumerations of error, appellant contends that the trial court erred in failing to compel disclosure of certain evidence, specifically, the victims' statements and the Department of Human Resources ("DHR") file on one of the victims. The record reflects that the trial judge conducted an in camera inspection of the prosecutor's entire file, including the DHR file, and determined that there was no exculpatory material in the file. The files reviewed as part of the in camera inspection were sealed and made part of the record. Although appellant contends that he was denied exculpatory evidence which would have resulted in a different verdict, he has not met his burden of describing the alleged exculpatory evidence or how it would have produced a different verdict. " 'We will not assume such a burden. This court is not a trial court and not a factfinder. The Court of Appeals is a court for the correction of errors below; it is not a court of original jurisdiction. [Cits.] If the possibility that materially exculpatory evidence was suppressed is so strong, [appellant] ought at least be able to name it and describe how it is material. Otherwise he has no right, under *Brady* or otherwise, to ask this court to fish amongst the files and substitute its judgment for that of the trial court.' [Cits.]" *Byrd v. State*, 171 Ga. App. 344, 345 (3) (319 SE2d 460) (1984). Therefore, we find appellant's fourth and fifth enumerations of error to be without merit.

5. During the trial, the State tendered into evidence the statements of both victims made to one of the investigating officers. The trial judge admitted the statements pursuant to OCGA § 24-3-16 for purposes of the record, allowed them to be read to the jury, and then made the requisite findings of fact outside the presence of the jury. We find no error with the trial court's procedure and no merit to appellant's sixth, seventh, and eighth enumerations of error. OCGA § 24-3-16; *Windom v. State*, 187 Ga. App. 18 (2) (369 SE2d 311) (1988).

6. At the close of the State's examination of the doctor who examined one of the victims, the witness asked permission to make a comment to the jury. The witness stated to the judge that the comment was necessary to explain some of her answers and that it would be important. The court gave its permission and the witness stated: "I just think its important for the jury to understand that in any case of child abuse a lack of evidence of physical abuse, of physical abuse is not necessarily —" Appellant's attorney objected and the court sustained the objection, but no motion for mistrial or for curative instructions was made. Since no motion for mistrial was made, any error which may have occurred was waived. *Lofton v. State*, 142 Ga. App. 579 (1) (236 SE2d 508) (1977).

7. In his final enumeration of error, appellant contends that the

trial court erred in its charge to the jury as to the form of the verdict. The portion of the charge complained about is the following: "If, on the other hand, after considering the evidence presented to you, together with the charge of the court, you should not find and believe beyond a reasonable doubt that the defendant is guilty of any of the charges as set forth in the indictment, then in that event the form of your verdict would be, as to each count, we the jury find the defendant not guilty." Although the charge does not use the exact language as the Pattern Jury Instructions, it was a correct statement of the law and was not confusing or misleading. Accordingly, we find no merit to appellant's argument. See *Shirley v. State*, 245 Ga. 616 (3) (266 SE2d 218) (1980); *Hudson v. State*, 171 Ga. App. 181 (3c) (319 SE2d 28) (1984).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 6, 1991.

*Moore & Davidson, Johnny R. Moore, W. Keith Davidson*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.