A92A1614. PATTON v. THE STATE.
(424 SE2d 350)

Birdsong, Presiding Judge.

Richard Ernest Patton appeals his conviction for burglary, involving theft of some $16,000 worth of copper wiring from an unoccupied industrial building, the Barfield-Hammock Building, between March 27 and April 6, 1990. Appellant came under suspicion when he was found present in the motel room of another person whom police arrested under warrant for theft of electrical wiring from another building. The police officers, suspecting appellant of involvement in the instant burglary, then compared his fingerprints on file to a fingerprint found on a cover torn off an electrical panel box in the Barfield-Hammock Building. Appellant was arrested and remained incarcerated for four-and-one-half months prior to his trial in September 1990. When his trial was called, his appointed counsel advised the court that, having incorrectly written the trial date in his calendar, he had thought appellant's trial was scheduled for the following week, and that appellant had mentioned something about retaining other counsel. Appellant interjected that he had been in jail four-and-one-half months, had spoken only once with his attorney and knew nothing about his case. Appellant's counsel did not specifically ask for a continuance. The trial court found that appellant's counsel attended a pre-trial hearing and had full notice of the trial date, and the court indicated that appellant had sufficient time while in jail to hire other counsel if he had so wished. The trial proceeded and appellant, during cross-examination, volunteered that he had done nothing wrong except to drink and that he had never gone in people's houses and robbed them. Thereupon, the State introduced records of appellant's previous convictions for receiving stolen goods in connection with burglaries. New appellate counsel filed an amended motion for new trial asserting inadequate assistance of trial counsel. This issue was heard at the hearing on motion for new trial. *Held*:

1. The trial court did not err in denying appellant's motion for new trial on grounds of inadequate assistance of counsel. The trial court issued an order on this subject, finding that appellant did not show trial counsel's representation fell below the standards stated in

*Powell v. State*, 198 Ga. App. 509, 510 (402 SE2d 108) and *Harris v. State*, 198 Ga. App. 503 (402 SE2d 62); and that appellant failed to show how the alleged deficiencies in his trial representation prejudiced the outcome of his case. Appellant's enumerations and arguments on this issue are that trial counsel failed to keep informed concerning the trial; failed to prepare adequately for the trial and to consult with appellant on important issues; failed to investigate the case properly and to interview and call witnesses to trial; and failed to counsel appellant on the dangers of testifying and placing his character in issue; and that but for these deficiencies, there is a reasonable probability the result of the trial would have been different.

Appellant assails trial counsel's failure to call appellant's employer to testify in his behalf and his decision not to call an expert witness who would testify that it would take more than one man more than one day to remove all the wiring alleged stolen in this case. Trial counsel testified at the new trial hearing that he made these decisions based on his concept that the State could not prove appellant's guilt beyond a reasonable doubt based on the slim evidence of his fingerprint and his presence in a room with a suspected burglar and thief of electrical wiring, and upon his desire not to give up closing argument under OCGA § 17-8-71. However, no substance is argued as to what appellant's employer would have said to exonerate appellant, and expert testimony as to how long and how many men it would take to remove the wiring from this building does not conflict with any evidence of the State and does not raise a reasonable doubt. Trial counsel's choice of trial strategy to argue insufficiency of the State's evidence rather than forfeit closing argument by calling such witnesses cannot be assailed in afterthought; errors in judgment and tactical errors do not generally constitute denial of effective assistance of counsel. *White v. State*, 193 Ga. App. 428, 430 (387 SE2d 921); see *Powell*, supra at 510-511.

As nothing of predominating substance is shown that would have changed the verdict, that is, raised a reasonable doubt, no harm can be found in the length of time trial counsel spent preparing for this case which would justify overturning the jury's verdict, or in trial counsel's mistake in the trial dates or consequent lack of preparation. Appellant's blurting out that for ten years he had done nothing wrong except drink, and had done no burglaries but had some problems in 1982 because somebody else had some "hot goods" is not clearly a result of not having been inadequately advised, for in fact appellant's testimony shows a consciousness that he should not stray into such testimony. See generally *Jones v. State*, 257 Ga. 753 (1) (363 SE2d 529). We note that although appellate counsel asserts appellant did place his character in evidence, trial counsel argued strenuously at trial that appellant did not place his character in evidence; it would

seem inappropriate for appellate counsel to concede the correctness of a negative ruling merely to facilitate an argument that trial counsel's inadequacy caused harm.

"A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205). The trial court's holding on this issue is not clearly erroneous.

2. The trial court did not err in refusing to grant a continuance in this case. No motion for continuance was made; trial counsel merely complained of his mistake as to the trial date and appellant's apparent desire to hire other counsel. These matters were considered by the trial court and found meritless. Even where a motion for continuance is properly made on the basis that counsel has not had sufficient time to prepare for trial, the matter is addressed to the discretion of the trial court, and the ruling of the trial judge in denying a continuance will not be interfered with unless the court has abused its discretion. *Beard v. State*, 178 Ga. App. 265 (342 SE2d 751). Lack of preparation is not alone a ground for continuance (id. at 266), nor is mistake of trial date. In view of what is stated above as to appellant's failure to show substantive matters of evidence or preparation which would have resulted in a different verdict, no showing has been made that a postponement would have improved appellant's defense or his trial position, so it cannot be said in retrospect that the trial court abused its discretion in this regard.

3. The trial judge did not err in failing to charge the jury on the lesser included offense of trespassing. " ' "A trial judge never errs in failing to include a charge on a lesser included offense unless there is a written request to charge." (Cit.)' [Cit.]" *Valdez-Hardin v. State*, 201 Ga. App. 126 (410 SE2d 354).

4. We have examined the evidence and find it sufficient to enable a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt and to the exclusion of every reasonable hypothesis. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Andrews, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in Divisions 2, 3, and 4, but not with the entire analysis in Division 1. Counsel's performance was deficient but the deficiency did not prejudice the defense such that a new trial is required because of the deprivation of effective assistance of counsel.

DECIDED OCTOBER 29, 1992.

*F. Robert Raley*, for appellant.
*Willis B. Sparks III, District Attorney, Graham A. Thorpe, Assistant District Attorney*, for appellee.