A93A1019. MOODY v. THE STATE.
(436 SE2d 545)

JOHNSON, Judge.

Joseph Moody appeals from his conviction of child molestation and the denial of his motion for a new trial.

1. Moody contends that the trial court erred in denying his mo-

tion for a continuance because the State failed to provide him with a written scientific report at least ten days before trial. OCGA § 17-7-211 (b) provides, "In all criminal trials, felony and misdemeanor, the defendant *shall* be entitled to have a complete copy of any written scientific reports in the possession of the prosecution which will be introduced in whole or in part against the defendant. . . . If the scientific report is in the possession of or available to the prosecuting attorney, he *must* comply with this Code section at least ten days prior to the trial of the case." (Emphasis supplied.) Here, Moody timely filed his request for scientific reports more than a year before trial. The State, however, failed to provide Moody with a copy of a report as to the probability of a deoxyribonucleic acid (DNA) match between a blood sample taken from Moody and semen found at the crime scene until seven days before trial.

The only explanation offered by the State for failing to comply with the mandatory statutory provision that it give Moody a copy of the report at least ten days before trial is that it did not actually receive the report from the Federal Bureau of Investigation (FBI) until seven days before trial. "To come within the ambit of the statute, a scientific report need not be in the possession of the district attorney. The report is discoverable if it is available to the district attorney. It can not be urged that an existing scientific report in the possession of the state crime lab, as was the report in the instant case, is not available to a district attorney." (Citation and punctuation omitted.) *Alexander v. State*, 203 Ga. App. 375, 376 (2) (416 SE2d 762) (1992). Similarly, it cannot be urged that a scientific report in the possession of the FBI laboratory is not available to the district attorney who requested the report. As there is no evidence in the record to the contrary, we must presume that the report was available to the State at least ten days before trial.

"When a written scientific report is furnished late, the appropriate remedy is for the trial court to grant a continuance or recess upon timely request by the defendant." *Shannon v. State*, 205 Ga. App. 831, 832 (1) (424 SE2d 51) (1992). "This matter, as well as the length of time granted, rests with the trial judge in the exercise of his discretion." (Citation omitted.) *Wilburn v. State*, 199 Ga. App. 667, 669-670 (3) (405 SE2d 889) (1991). Under the particular facts of the instant case, it was an abuse of discretion to deny Moody's motion for a continuance, because of the complexity of DNA analysis, its recent acceptance as an evidentiary tool in criminal investigations, the lack of national standards governing DNA tests and the fact that the FBI expert who testified in this case was not identified until the day before trial. Under these circumstances, Moody did not have an adequate opportunity to prepare his defense to the DNA report and his cross-examination of the expert witness. See *Caldwell v. State*, 260

Ga. 278 (1) (393 SE2d 436) (1990). Because the error in excusing the State from strictly complying with the mandatory language of OCGA § 17-7-211 was not harmless, Moody's conviction must be reversed and a new trial granted. See *Luck v. State*, 163 Ga. App. 657, 658-659 (2) (295 SE2d 584) (1982).

2. Moody's contention that the trial court erred in denying his motion for a continuance because the scientific report he received did not explain the testing procedures used by the FBI is without merit as the State is not required to include such information in a report furnished under OCGA § 17-7-211. *Roberts v. State*, 196 Ga. App. 450 (396 SE2d 81) (1990); *Sears v. State*, 161 Ga. App. 515 (288 SE2d 757) (1982).

3. Moody's claim that the court erred in allowing the expert's testimony concerning the DNA report because the expert did not participate in the testing procedures is without merit. "If the laboratory report at issue contains the opinions or conclusions of a third party not before the court, those portions of the report are inadmissible hearsay until a proper foundation has been laid, 'i.e., the person who entered such opinions or conclusions upon the record must qualify as an expert and relate the facts upon which the entry was based.' [Cits.]" *Dept. of Human Resources v. Corbin*, 202 Ga. App. 10 (413 SE2d 484) (1991). In the instant case, there is no evidence that the report at issue contains the opinions or conclusions of someone other than the expert who testified. While the expert did testify that a laboratory technician performed the tests which developed the x-ray film of the DNA which was then analyzed, the expert himself supervised the technician and conducted the interpretation, statistical analysis and measurements which generated the report. The court did not err in ruling that the State called the appropriate witness to testify about the DNA report.

4. Moody's complaint that the court erred in allowing hearsay testimony from three witnesses is specious as the testimony was admissible under OCGA § 24-3-16, "The Child Hearsay Statute." *Braddy v. State*, 205 Ga. App. 424, 425 (2) (422 SE2d 260) (1992).

5. Because of our decision in Division 1 of this opinion, we need not address Moody's remaining enumeration of error.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 5, 1993.

*Robert W. Lavender, Michelle C. Feinberg*, for appellant.
*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., As-*

*sistant District Attorney*, for appellee.