A97A2177. MIKELL v. THE STATE.
(498 SE2d 531)

POPE, Presiding Judge.

A jury convicted defendant Samuel Mikell, Jr. of selling a controlled substance (OCGA § 16-13-30 (b)), distributing a controlled substance within 1,000 feet of a public housing project (OCGA § 16-13-32.5 (b)), and obstructing a police officer by resisting arrest (OCGA § 16-10-24). Treating defendant as a recidivist, the trial court imposed a life sentence for the sale of the controlled substance; 40 years for distribution within 1,000 feet of a public housing project, to be served consecutively with the life sentence; and 12 months for obstruction, to be served concurrently with the life sentence. Following the denial of his motion for a new trial, defendant appeals his

conviction and sentence for the above crimes. We affirm.

1. Construed most favorably to the verdict, the evidence adduced at trial shows that on January 4, 1996, narcotics agents were conducting a "drug-buy" operation in Savannah, Georgia. During the operation, they met Luther Houston and discussed purchasing cocaine with him. After telling the agents that he could assist them, Houston took the agents to an apartment located at 102 Garden Homes. An employee of the Housing Authority of Savannah testified that Garden Homes was a publicly owned housing project and that the apartment in question was within the project. The employee further testified that at least 20 percent of the families that lived in Garden Homes were "low income" families.

At the apartment, two agents watched Houston purchase a small bag of cocaine directly from defendant with a $20 bill the agents had given to Houston. Unbeknownst to Houston, the bill previously had been photocopied. After delivering the cocaine to the agents, Houston was arrested. The agents then approached and confronted defendant, whom they both identified at trial. Defendant backed away from the agents, forcing them to wrestle him to the ground. He also exclaimed: "I don't have anything." Once on the ground, defendant continued to struggle against the agents until back-up arrived. Subsequently, the $20 bill was recovered from defendant.

Contrary to defendant's assertion, any rational juror could have concluded from the above evidence that defendant was guilty of the crimes for which he was convicted in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, there is no merit to defendant's seventh and ninth enumerations of error, which are both premised on general grounds.

2. In his fifth and sixth enumerations, defendant contends that his conviction on each of the offenses at issue must be reversed because there was a fatal variance between the date alleged in the indictment regarding those offenses, January 4, 1995, and the evidence presented at trial, which showed that the offenses actually occurred on January 4, 1996. We disagree.

The general rule is that when the exact date of a crime is not a material allegation of the indictment, the crime may be proved to have taken place on any date prior to the return of the indictment, so long as the date is within the applicable statute of limitation. *Knight v. State*, 210 Ga. App. 63, 65 (2) (435 SE2d 276) (1993); *Martin v. State*, 196 Ga. App. 145, 146 (1) (395 SE2d 391) (1990). In this case, the exact date of the crimes at issue was not a material part of the indictment because an exact date was not an essential element of any of the charged offenses, and because defendant offered no defense, such as alibi, that might make the date of the offenses material. See

*Caldwell v. State*, 139 Ga. App. 279, 281 (2) (228 SE2d 219) (1976). The date proved at trial also was prior to the return of the indictment and was within the applicable statute of limitation. See OCGA § 17-3-1. Thus, no fatal variance exists. Moreover, we note that in cases where a time variance exists, to preserve the issue for appeal, it is incumbent upon the defendant to move for a continuance or postponement upon learning of the variance if the defendant claims surprise by the variance. *Knight*, 210 Ga. App. at 65 (2); *Caldwell*, 139 Ga. App. at 290 (2). Defendant had ample opportunity to do so in this case after discovering the variance, but chose not to follow the above course of action. There also is no indication below that he was surprised by the incorrect date in the indictment.

In light of the above, and the fact that the indictment clearly informed defendant as to the nature of the charges against him and did not leave him open to subsequent prosecution for the same crimes, we conclude that defendant's fifth and sixth enumerations are meritless. See *Denson v. State*, 212 Ga. App. 883, 884 (2) (443 SE2d 300) (1994).

3. We reject the contention in defendant's eighth enumeration that the trial court erred in sentencing him as a recidivist pursuant to OCGA § 17-10-7 (a) because he was not specifically indicted as a recidivist. It is undisputed that defendant had previously been convicted of possession with intent to distribute a controlled substance (OCGA § 16-3-30 (b)) and possession with intent to distribute cocaine within 1,000 feet of a public housing project (OCGA § 16-13-32.5 (b)). The State served notice on defendant well before trial, clearly identifying his previous convictions and setting forth its intent to seek recidivist treatment of defendant and offer the convictions as evidence in aggravation of punishment. And the prior convictions did no more than subject defendant to a greater risk of receiving the maximum sentence for the offenses with which he was charged in the case at bar. Under such circumstances, the State was not required to allege defendant's recidivism in the indictment. *State v. Hendrixson*, 251 Ga. 853, 854 (310 SE2d 526) (1984); *Wainwright v. State*, 208 Ga. App. 777, 779-780 (2) (a) (432 SE2d 555) (1993); *Anderson v. State*, 199 Ga. App. 559, 560-561 (3) (405 SE2d 558) (1991).

4. The trial court did not err in concluding that it was required to give defendant the maximum sentence of life in prison for selling cocaine in violation of OCGA § 16-13-30 (b) due to his prior drug convictions. At the time defendant violated OCGA § 16-13-30 (b), OCGA § 16-13-30 (d) required that repeat drug offenders receive a life sentence. Although OCGA § 16-13-30 (d) has been amended so as to allow trial courts greater discretion in imposing lesser sentences, the effective date of that amendment was after defendant's commission of the crime in this case, and we have previously concluded that the

amendment is not retroactive. See *Maddox v. State*, 227 Ga. App. 602, 605 (5) (490 SE2d 174) (1997); *Jackson v. State*, 223 Ga. App. 471 (477 SE2d 893) (1996).

Furthermore, even if the amendment to OCGA § 16-13-30 (d) was applicable, defendant's life sentence in this case would still be mandated pursuant to OCGA § 17-10-7 (a). Although defendant is correct in his assertion that the amended version of OCGA § 16-13-30 (d) limits the application of OCGA § 17-10-7, it does so only with regard to sentences imposed for second drug offenses under OCGA § 16-13-30 (b). As the trial court noted, defendant's conviction in this case for violating OCGA § 16-13-30 (b) constitutes a third drug offense under the purview of that Code section. The fact that one of defendant's two prior drug offenses involved a violation of OCGA § 16-13-32.5 (b), rather than OCGA § 16-13-30 (b), does not require a contrary conclusion. It would be illogical to treat defendant's prior conviction under OCGA § 16-13-32.5 (b) differently from his prior conviction under OCGA § 16-13-30 (b), because defendant's previous conviction under OCGA § 16-13-32.5 (b) required proof of the same basic elements required to prove his previous conviction under OCGA § 16-13-30 (b), plus proof of his presence within 1,000 feet of a housing project. Therefore, defendant's prior conviction under OCGA § 16-13-32.5 (b) should be viewed as equivalent to his prior conviction under OCGA § 16-13-30 (b). Consequently, even under the amended version of OCGA § 16-13-30 (d), a life sentence was mandated because OCGA § 17-10-7 (a) was applicable and required the life sentence.

Accordingly, defendant's first, third and fourth enumerations of error are meritless.

5. Finally, we find no merit to defendant's second enumeration, wherein he contends that the trial court erred in concluding that it was required to consider OCGA § 17-10-7 (a) in determining defendant's sentence for selling cocaine within 1,000 feet of a housing project in violation of OCGA § 16-13-32.5 (b). Although OCGA § 16-13-32.5 makes no mention of OCGA § 17-10-7, contrary to defendant's assertion, such an omission does not mean that OCGA § 17-10-7 (a) is not applicable. We previously have found that other criminal statutes which provide for sentences within a range of years or life, as does OCGA § 16-13-32.5 (b), are amenable to the dictates of OCGA § 17-10-7 (a) even though they make no specific reference to that Code section. See *Stone v. State*, 218 Ga. App. 350, 351 (1) (461 SE2d 548) (1995); *State v. Baldwin*, 167 Ga. App. 737, 739-740 (3) (307 SE2d 679) (1983). Based on this, as well as the absence of any apparent legislative or case authority to the contrary, we hold that the trial court did not err in concluding that it was required to take OCGA § 17-10-7 (a) into consideration, and in accordance therewith, sen-

tence defendant to the maximum time allowed for violating OCGA § 16-13-32.5 (b), which was 40 years, to run consecutively with any other imposed sentence.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED FEBRUARY 24, 1998 —
RECONSIDERATION DENIED MARCH 11, 1998 ■■■■■

*Wiseman, Blackburn & Futrell, Michael L. Edwards, C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr., District Attorney, Lori T. Loncon, Assistant District Attorney*, for appellee.