## A99A2082. WOODFORD v. THE STATE.
(525 SE2d 408)

ELDRIDGE, Judge.

A Bibb County jury found Milton Woodford guilty of rape and incest for sexual acts he committed against his stepdaughter. On review, we affirm his convictions.

In a single, narrowly drawn enumeration of error, Woodford challenges the sufficiency of the evidence introduced against him. In so doing, Woodford does not contend that the State's evidence failed to show the essential elements of the offenses for which he was charged. Instead, Woodford claims that the State's evidence was insufficient because: (a) at trial, Woodford's stepdaughter (the victim) recanted her outcry statements wherein she previously described in detail the acts Woodford perpetrated against her; and (b) DNA paternity tests — which in this case showed Woodford as the father of the victim's baby with 99.95% certainty — are "not an exact science."

Evidence of the victim's outcry statements regarding Woodford's

---

sexual acts against her established the essential elements of rape and incest. OCGA §§ 16-6-1 (a); 16-6-22 (a) (1); see also *Brady v. State*, 233 Ga. App. 287 (1) (503 SE2d 906) (1998). "Prior inconsistent statements concerning the sexual activity in which [the victim] and [the defendant] were engaged were substantive evidence of [the defendant's] guilt." Id. at 287. See also *Gibbons v. State*, 248 Ga. 858, 863-864 (286 SE2d 717) (1982). The DNA paternity test corroborated the victim's outcry statements as to Woodford's sexual acts against her. This evidence was sufficient for a rational trier of fact to have found Woodford guilty beyond a reasonable doubt as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The fact that at trial the victim disavowed her prior outcry statements and the fact that DNA testing has a margin of error went to the weight and credibility that the jury wished to assign to the State's otherwise sufficient evidence. "On appeal of a criminal conviction this Court does not weigh the evidence or determine the credibility of witnesses, but determines the sufficiency of the evidence." (Citation and punctuation omitted.) *Horne v. State*, 231 Ga. App. 864, 865 (1) (501 SE2d 47) (1998). Accordingly, Woodford's claim of error is without merit.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 17, 1999.

*Nicholas E. White*, for appellant.

*Charles H. Weston, District Attorney, Graham A. Thorpe, Myra Y. Christian, Assistant District Attorneys*, for appellee.