A00A0490. HOLDER v. THE STATE.
(529 SE2d 907)

ELDRIDGE, Judge.

A Forsyth County jury found Michael Drew Holder guilty of three counts of deposit account fraud, OCGA § 16-9-20 (a), which charges arose when Holder issued several bad checks to a contract employee. Holder was sentenced to probation and ordered to make the checks good.[1] He appeals.

1. We find no merit to Holder's related claims that, because the dates alleged for the delivery of the checks in Counts 1 and 3 of the indictment were different from the dates proved at trial, (a) the evidence was insufficient to prove the charged offenses; and (b) there was a fatal variance between the indictment and the State's proof.

The date on which the checks were delivered is not an essential element of the offense of deposit account fraud; the State may prove the offense by the act and the intent. *Berry v. State*, 153 Ga. 169, 172-173 (2) (111 SE 669) (1922).

> The general rule is that when the exact date of a crime is not a material allegation of the indictment, the crime may be proved to have taken place on any date prior to the return of the indictment, so long as the date is within the applicable statute of limitation. In this case, the exact date of the crimes at issue was not a material part of the indictment because an exact date was not an essential element of any of

---

[1] The checks were for $1,730.60, $299, and $2,000, respectively. Apparently, restitution for the check amounts has not yet been tendered.

the charged offenses. . . . The date proved at trial . . . was prior to the return of the indictment and was within the applicable statute of limitation. See OCGA § 17-3-1.

(Citations omitted.) *Mikell v. State*, 231 Ga. App. 85, 86-87 (498 SE2d 531) (1998), rev'd on other grounds, 270 Ga. 467 (510 SE2d 523) (1999).

Moreover, Holder did not deny that he wrote the checks and delivered them to the victim for services rendered. His defense was lack of intent to defraud, which the jury rejected. Thus, Holder's defense did not render the variance between the dates alleged in the indictment and the proof at trial material or prejudicial.

On appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility.

(Citations omitted.) *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). Upon review, we find the evidence sufficient for a rational trier of fact to have found Holder guilty beyond a reasonable doubt under Counts 1 and 3 of the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Likewise, we do not find as "fatal" the variance between indictment and proof on Count 1 simply because the indictment alleged the check amount to be $1,730 and the amount proved at trial was $1,730.60.

Our courts have departed from an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused.

(Citation and punctuation omitted.) *Denson v. State*, 212 Ga. App. 883, 884 (2) (443 SE2d 300) (1994). The 60¢ discrepancy did not substantially affect Holder's rights. The check, itself, was introduced into evidence, and thus, Holder cannot face another prosecution based thereon. See id.

3. (a) We find the evidence sufficient to support the jury's finding under Count 3 of the indictment that Check No. 1859 was issued for "present consideration." OCGA § 16-9-20 (a). "The requisite of present consideration may exist although goods or services are received before a check is delivered in payment, where the interval is slight and the exchange can be characterized as a single contemporaneous

transaction." (Citation, punctuation and emphasis omitted.) *Watson v. State*, 235 Ga. App. 381, 384 (509 SE2d 87) (1998). In this case, the victim testified that Check No. 1859 for $2,000 was issued on the day he left the business, Saturday, June 14, 1997, in compensation for the prior week's services. The interval between work and payment was slight, and the exchange can be characterized as a single contemporaneous transaction. As such, Check No. 1859 was issued for present consideration. *Singletary v. State*, 192 Ga. App. 653 (385 SE2d 791) (1989).

(b) Holder makes the same claim with regard to Check No. 1812 for $299 under Count 2 of the indictment. We are constrained to agree with him. The evidence does not show that such check was given in exchange for "present consideration." "Present consideration in this context means that the check must be in exchange for something of value. The law requires a contemporaneous transaction because the payee must give up something of value in reliance on the check in question." (Citations omitted.) *Griffith v. State*, 249 Ga. 19, 20-21 (287 SE2d 187) (1982); *McNeal v. State*, 204 Ga. App. 791 (420 SE2d 653) (1992). Here, even in a light most favorable to the verdict, the evidence shows that the victim was a member of Holder's membership corporation, Golfer's Dream Network. Check No. 1812 for $299 was issued to cover the victim's share of "membership compensation" realized from the growth of Holder's business. The victim did not give up anything of value in reliance on the check. The business earned the money, not the victim. Further, while the victim had to pay to become a member, such payment occurred long before the issuance of the check, making the transaction anything but "contemporaneous." As such, the check was not "in exchange for a present consideration or wages" as contemplated by the statute. OCGA § 16-9-20 (a). Holder's conviction on Count 2 must be reversed. *Griffith v. State*, supra.

4. The State's proof showed that Holder delivered the checks to the victim on June 14, 1997; that the checks were returned to the victim for insufficient funds on June 19, 1997; that the victim issued ten-day notices on July 7, 1997; and that payment was not tendered thereon within ten days. Although Holder testified to a different sequence of events, such is a jury question. Accordingly, there is no merit to Holder's claim that the trial court erred in charging the jury regarding prima facie evidence of intent pursuant to OCGA § 16-9-20 (a) (2).

5. The following exchange occurred during the defense case-in-chief: "[Defense attorney:] And because of these negotiations were you ever — were you advised to stop doing anything further? [Holder:] Yes." The State made a hearsay objection. The trial court sustained it. The defense made no argument with regard to the

court's ruling. Holder now asserts error in the ruling, claiming that "the above-statement was being offered to show why Mr. Holder did not comply with the ten day rule and pay the check based on what he was told by another Officer of the company." Holder contends that such testimony was admissible to explain his conduct under OCGA § 24-3-1.

However, Holder did not make such proffer following the trial court's ruling. The trial court was not informed that the hearsay was being offered to demonstrate conduct pursuant to OCGA § 24-3-1 and did not have an opportunity to rule upon such grounds.

> Where the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort so that both the trial court and the appellate court can know whether the evidence really exists. In the absence of such a proffer, the assignment of error is so incomplete as to preclude its consideration by this court.

(Citations and punctuation omitted.) *Thomas v. State*, 224 Ga. App. 816, 817 (1) (482 SE2d 472) (1997). Our scope of review is limited to the scope of the ruling in the trial court as shown by the trial record and cannot be enlarged or transformed through a process of switching or shifting. *Parrish v. State*, 237 Ga. App. 274, 280-281 (514 SE2d 458) (1999).

Further, even with proper objection, there would be no reversible error. The gist of the omitted evidence went before the jury. In fact, in his brief, Holder asserts that the evidence which was put before the jury showed "that Mr. Holder took the action he did based on the company being taken over by the individuals who eventually broke in to the business and stole all the equipment and records." The record supports this assertion because at trial Holder testified that he did not have access to the books in order to respond to the ten-day notice; that others had taken over the business; and that much of the equipment and all records had been stolen. Because the hearsay sought to be admitted was cumulative of other direct evidence, it is "highly probable" that its omission did not affect the verdict. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976); see also, e.g., *Glass v. State*, 235 Ga. 17, 19 (2) (218 SE2d 776) (1975).

6. As a corollary to Division 5, Holder claims that the jury should have been allowed to rehear his testimony on direct examination so that "they would have learned that Mr. Holder took the action he did based on the company being taken over by the individuals who eventually broke in to the business and stole all the equipment and records." Holder makes this claim in relation to a note from the jury

asking, inter alia, "Why did Michael Drew Holder not respond within ten days to tender payment?" However, Holder did not object to the trial court's recharge that "[t]he answer to your questions, if any, must come from the evidence presented as you recall it." Accordingly, this claim of error is waived. *Russell v. State*, 264 Ga. 121, 122 (3) (441 SE2d 750) (1994).

7. On September 8, 1998, almost two months before trial, Holder appeared pro se at a pretrial motions hearing and asked for a continuance in order to hire an attorney. The trial court denied the request since the case had been pending for over a year and, only the week before, the trial court had impressed upon Holder the necessity to hire an attorney in time for the motions hearing.

Thereafter, on September 21, 1998, five weeks before trial, attorney Dennis Murphy made an appearance on Holder's behalf and asked for a continuance in the trial of the case for investigative purposes. The trial court denied the motion since the case had been pending for over a year; Holder had been told there would be no more continuances; the State had an open file policy; and the prosecutor intended to call only one or two witnesses "and we may just be content with one" (which he was).

Holder claims error in the trial court's denial of both motions for continuance. But we find no error.

> The grant or denial of a continuance, including on grounds of absence of counsel, is within the discretion of the trial court and will not be disturbed unless it clearly appears the trial court abused that discretion. Denial of a continuance may be proper where defendant negligently failed to employ counsel promptly or where it appears he is using the tactic for delay.

(Citations and punctuation omitted.) *Wilson v. State*, 231 Ga. App. 621 (1) (500 SE2d 387) (1998). Further, motions for a continuance predicated on the basis that counsel had insufficient time to prepare for trial address themselves to the sound discretion of the trial court, and the trial court's ruling will not be disturbed on appeal absent an abuse of that discretion. *Nave v. State*, 171 Ga. App. 165, 167 (2) (318 SE2d 753) (1984).

Holder has not shown an abuse of discretion and does not allege before this Court how a continuance would have altered the outcome of either the motions hearing or the trial. The trial court gave leave for further motions to be filed once Holder finally hired an attorney. And, at the motion for new trial, attorney Murphy stated that he asked for a continuance because, *at the time* — five weeks before trial — he felt unprepared to try the case. Murphy did not say, nor does

the record show, that he was unprepared to try the case five weeks later.

> In view of what is stated above as to appellant's failure to show substantive matters of evidence or preparation which would have resulted in a different verdict, no showing has been made that a postponement would have improved appellant's defense or his trial position, so it cannot be said in retrospect that the trial court abused its discretion in this regard.

*Patton v. State*, 206 Ga. App. 59, 61 (2) (424 SE2d 350) (1992).

8. We have reviewed Holder's claim of ineffective assistance of counsel based on a cumulative reiteration of all of the enumerations of error alleged above, excluding that contained in Division 7. Holder has failed to provide argument and citation of authority in support of his bare allegations of error. As such, this enumeration of error is deemed abandoned. Court of Appeals Rule 27 (c) (2).[2]

*Judgment affirmed as to Counts 1 and 3 and reversed as to Count 2. Blackburn, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 22, 2000.

*John P. Rutkowski*, for appellant.

*Philip C. Smith, District Attorney, Sandra A. Partridge, Assistant District Attorney*, for appellee.

---

[2] Further, since all of the enumerations of error above are meritless (with the exception of Division 3 (b) which, as a challenge to the sufficiency of the evidence, need not be preserved or raised by trial counsel), they provide no basis for reversal under the guise of "ineffective assistance of counsel."