## A00A1143. FRADY v. THE STATE.
(538 SE2d 893)

MILLER, Judge.

A jury found Cheyenne Junior Frady guilty of child molestation. He appeals, citing several enumerations of error. Having examined each of these issues and finding no error, we affirm.

1. Frady contends that the evidence is insufficient to sustain the verdict and that the court erred in denying his motion for directed verdict. The test established in *Jackson v. Virginia*[1] is the proper test when the sufficiency of the evidence is challenged, even when that challenge arises from the overruling of a motion for directed verdict.[2]

(a) Frady first argues that the victim made no outcry, that the victim was under duress when she gave her statement to authorities, and that she recanted her story. Viewed in the light most favorable to the verdict, the evidence showed that the victim was 14 years old at the time of the incident. Frady was a friend of the victim's family and was at her home watching television when her other family members fell asleep. When the victim was in the kitchen, Frady grabbed her, started kissing her, and put his hands between her legs. Frady then "put his finger in [her] vagina . . . for about five to ten minutes."

Weeks later, the victim, upset and crying, told her mother that Frady had kissed her and touched her but did not go any further in her description of events until interviewed by a detective. The detective testified that the victim stated that she considered Frady to be her boyfriend and that he had kissed her and placed his finger inside her vagina.

Wanda Long, the victim's sister and Frady's girlfriend, took the victim to Frady's attorney's office where she was questioned by the attorney's wife. There, the victim recanted her story and stated that nothing happened between her and Frady and signed an affidavit verifying the statement. The victim testified at trial that Long intimidated her into stating that nothing happened and that she was afraid.

Although there was no immediate outcry by the victim, this circumstance is not conclusive. And although the victim recanted her story, this does not render the evidence against Frady insufficient.[3] It is for the jury and not this Court to resolve conflicts and to assess witness credibility.[4] The victim's trial testimony alone authorized a rational trier of fact to find Frady guilty beyond a reasonable doubt of

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Ogles v. State*, 218 Ga. App. 92, 93 (2) (460 SE2d 866) (1995).

[3] *Brady v. State*, 233 Ga. App. 287, 288 (1) (503 SE2d 906) (1998); see *Dent v. State*, 220 Ga. App. 147 (1) (469 SE2d 311) (1996) (no corroboration necessary to sustain molestation conviction).

[4] Id.; see *Woodford v. State*, 240 Ga. App. 875, 876 (525 SE2d 408) (1999).

child molestation.[5]

(b) Frady argues that the incident could not have taken place between the dates alleged in the indictment due to the testimony of the victim's mother. The indictment alleged that Frady committed the act of child molestation between the dates of May 21, 1997 and August 1, 1997. The victim's mother testified that she kicked Frady out of her home around May 1, but that he still visited her house after that date and that on one occasion he stayed and watched television. The victim herself testified in court and in deposition that the incident occurred between May and August 1. Therefore, there is sufficient evidence that the incident occurred between the dates alleged in the indictment.

(c) Frady argues that the court erred in failing to direct a verdict in his favor when it was apparent that the State failed to "reveal the deals" between the prosecution and the victim and the prosecution and the victim's mother.[6] Both the victim and her mother testified that the State made them no deals for their cooperation or testimony. The State also explained that there were no deals made with the victim. In denying the motion for directed verdict, the trial court implicitly concluded that no such agreement existed.[7] Thus, the court did not err in denying a directed verdict on this ground.

2. Frady complains that because the victim was 14 at the time of the incident, the victim's mother and the detective should not have been allowed to testify to the victim's statements over a hearsay objection. OCGA § 24-3-16 provides that

> [a] statement made by a child *under* the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.[8]

Here, although the victim was not under the age of 14 at the time the statements were made, this does not affect the admissibility of this

---

[5] Under OCGA § 16-6-4 (a), "[a] person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

[6] Frady concedes that evidence of an alleged "deal" between the father of the victim and the State is not supported by the record.

[7] See *McWhorter v. State*, 271 Ga. 461, 462-463 (3) (519 SE2d 903) (1999).

[8] (Emphasis supplied.)

testimony under *Cuzzort v. State*,[9] which allows admission of a prior consistent statement where (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination.[10] The victim's veracity was placed in issue as she signed an affidavit recanting her original statement. She was present at trial and was thoroughly cross-examined about the truthfulness of her original statement.

3. In two enumerations Frady challenges the denial of his motion in limine and his motion to quash the indictment, contending (1) that the grand jury should not have been allowed to indict him based on the detective's hearsay testimony, (2) that the victim herself should have testified before the grand jury, and (3) that the indictment prohibited him from presenting an alibi defense.

Pretermitting whether the motion to quash the indictment was timely, "the sufficiency of the legal evidence before a grand jury is not subject to inquiry."[11] And the finding of guilt beyond a reasonable doubt demonstrates that there was probable cause to charge Frady with the offense for which he was convicted, rendering any possible error harmless.[12] Moreover, we find no authority that requires the victim to testify in grand jury proceedings.

Frady's argument that the range of dates alleged in the indictment prohibited him from presenting an alibi defense is without merit. The exact date was not an essential element of the charged offense.[13]

4. The State filed a notice of intent to present evidence of a similar transaction, and after a hearing the court allowed the evidence, concluding that it was being offered to prove bent of mind, course of conduct, and lustful disposition. Frady argues that the court erred in denying his motion in limine to exclude the similar transaction evidence. In addressing the merits of this enumeration, we will not disturb the trial court's determination that similar transaction evidence is admissible absent an abuse of discretion.[14]

In order for similar transaction evidence to be admissible, the State must show (1) that it seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the

---

[9] 254 Ga. 745 (334 SE2d 661) (1985).

[10] *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998); see *Pirkle v. State*, 234 Ga. App. 23, 24 (2) (506 SE2d 186) (1998).

[11] (Citations and punctuation omitted.) *Johnson v. State*, 198 Ga. App. 520 (3) (402 SE2d 115) (1991); see *Traylor v. State*, 165 Ga. App. 226, 228 (2) (299 SE2d 911) (1983).

[12] *Ferrell v. State*, 203 Ga. App. 479, 480 (1) (416 SE2d 903) (1992); see also *Johnson*, supra, 198 Ga. App. at 520 (3).

[13] See *Mikell v. State*, 231 Ga. App. 85, 86 (2) (498 SE2d 531) (1998), rev'd on other grounds, 270 Ga. 467 (510 SE2d 523) (1999).

[14] *Sweet v. State*, 237 Ga. App. 613, 615 (2) (516 SE2d 317) (1999).

accused's character, but for some. appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility, (2) that there is sufficient evidence to establish that the accused committed the independent offense or act, and (3) that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.[15]

To show Frady's bent of mind, course of conduct, and lustful disposition, the State sought to introduce evidence that Frady had also molested another 14-year-old girl. This other child testified that Frady had rubbed on her leg and outside her clothes on her "private area and then he started rubbing on [her] arm and he touched the side of [her] breast." These acts are sufficiently similar to the acts alleged in the present case.[16] Therefore, all three prongs of *Williams* are satisfied, and there was no abuse of discretion in admitting the similar transaction.

5. In one enumeration Frady contends that he was denied due process because (a) the court denied several motions as untimely, (b) a demonstrative tool inflamed the jury, and (c) the State did not follow Department of Family & Children Services protocol.

(a) The only motion that Frady addresses in this enumeration is the motion to quash the indictment. As we have held in Division 3 that the court did not err in denying the motion, the argument on untimeliness is moot.

(b) Frady argues that the use of a diagram of a small child, who allegedly appeared to be a four-year-old, was used to inflame the jury. We see no harm in the use of the diagram, as the victim, now 16 years old, was at trial where the jury could observe her size and could estimate her size at the age of 14.

(c) The sufficiency and admissibility of the evidence against Frady are independent of the child abuse protocol as outlined in OCGA § 19-15-3. Moreover, that statute protects the interests of the child, not the perpetrator.

6. Frady's first enumeration of error is not supported in his brief by argument and is therefore deemed abandoned.[17]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

---

[15] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[16] See *Wilson v. State*, 210 Ga. App. 705, 708 (2) (436 SE2d 732) (1993) ("[s]exual molestation of young children, as well as teenagers, regardless of sex or type of act, is sufficient similarity to make the evidence admissible. [Cits.]").

[17] See Court of Appeals Rule 27 (c) (2).

DECIDED SEPTEMBER 8, 2000 

William R. Hurst, for appellant.

Lydia J. Sartain, District Attorney, Lisa A. Jones, Assistant District Attorney, Scott A. Drake, for appellee.