## A01A0094. EVANS v. THE STATE.
### (543 SE2d 37)

PHIPPS, Judge.

Paula Evans appeals her conviction of driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1) and (5). She contends that the evidence was insufficient to support the verdict and that the court erred in its charge to the jury concerning the date the offense was committed. We find no merit in either contention and affirm.

1. OCGA § 40-6-391 (a) makes it unlawful for any person to "drive or be in actual physical control of any moving vehicle" while under the influence of alcohol or drugs. Evans argues that the State did not prove that she drove or was in actual physical control of a moving vehicle.

The arresting officer testified that he stopped Evans's car as it was being driven away from a bar and that Evans exited the car from the driver's side. This evidence was sufficient to support a finding that Evans was driving the car.[1]

2. The accusation charged Evans with committing the offense of DUI on April 24, 1999, but the evidence at trial showed that the crime was committed in the early morning of April 25. The trial court charged the jury that it would be authorized to find Evans guilty if it found that she committed the offense "on or about" April 24.

> The general rule is that when the exact date of a crime is not a material allegation of the indictment, the crime may be proved to have taken place on any date prior to the return of the indictment, so long as the date is within the applicable statute of limitation. . . . [Cit.][2]

Because Evans's defense in no way related to the date of the offense, the date was immaterial,[3] and the court's charge was not error.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

---

[1] See *Deering v. State*, 244 Ga. App. 30, 31 (1) (535 SE2d 4) (2000).

[2] *Holder v. State*, 242 Ga. App. 479-480 (1) (529 SE2d 907) (2000).

[3] See id. at 480.

DECIDED NOVEMBER 27, 2000.

*Daniel K. Franck*, for appellant.
*A. Robert Tawse, Jr., Solicitor*, for appellee.