23374. McPHERSON et al. v. CITY OF DAWSON.

QUILLIAN, Justice. The City of Dawson purchased certain described property within its boundaries for the purposes of establishing a public recreation park and swimming pool. The property was dedicated to these purposes for many years, has been continually used to accomplish these purposes, has not been abandoned or declared no longer useful for the purposes. The city has recently advertised the property for sale at public auction. Two citizens and taxpayers instituted a suit for injunction and a temporary restraining order was granted. At a hearing of the case the restraining order was dissolved and the case on injunction denied. The citizens and taxpayers appealed to this court. *Held:*

The charter of the City of Dawson was amended by an Act of the General Assembly, Ga. L. 1965, p. 2995. The Act reads: "The city council of Dawson shall have the power and authority, to be exercised according to their best judgment and discretion, to sell and dispose of any real property or interest therein owned by the City of Dawson and any fixtures or personal property attached thereto or used in connection therewith." In the cases of *Kirkland v. Johnson,* 209 Ga. 824 (1) (76 SE2d 396), and *Harper v. City Council of Augusta,* 212 Ga. 605, 607 (94 SE2d 690), this court held: "As a general rule, property held by a municipality for governmental or public uses can not be sold without express legislative authority, but must be devoted to the use and purpose for which it was intended." It is correctly stated in brief of counsel that "the sole question of law in this case is whether the charter amendment gives the City of Dawson the legal right to sell the subject property that has been opened and dedicated to the public since 1953 and operated continuously since that time and not abandoned as such public recreation park and public swimming pool

for the use by the public when such a sale would be a revocation and a breach of the purposes and conditions for which the subject property was acquired and dedicated. . ."

The Act of 1965 does not specifically designate the recreation park and swimming pool as property the city is empowered to sell. However, *Code* § 69-203 authorized the city to sell any property owned in its purely proprietary capacity. *Code* § 69-203 provides: "The council or other governing body of a municipality has a discretion in the management and disposition of its property, and where it is exercised in good faith, equity will not interfere therewith." In construing the Act of 1965 the statutory rule of construction must be observed: "In all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy." *Code* § 102-102 (9). The principle is also pronounced in *Botts v. Southeastern Pipe-Line Co.*, 190 Ga. 689, 700 (10 SE2d 375), that "All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it; they are therefore to be construed in connection and in harmony with the existing law. . ."

The legislature when enacting the charter amendment of 1965 was presumably aware of the statute, *Code* § 69-203, which authorized the City of Dawson to sell property held by the municipality in a proprietary capacity and that the power needed by the city was to sell property falling in the category of that dedicated to special public purposes, such as the recreation park and swimming pool involved in this case. See *Norton v. City of Gainesville*, 211 Ga. 387, 390 (86 SE2d 234). Hence, the purpose of the legislature to authorize the city to sell such property is apparent. It is suggested in argument that the purpose of the Act was to prescribe the manner in which the city was to exercise the authority it already possessed to sell its property rather than to broaden that authority. This argument is not without logical basis, but since the same purpose could be accomplished without including the language that appears to clothe the city with authority to sell any property it owns, whether in the category of that held in its proprietary capacity or dedicated to a public use, this does not seem as probable as that the legislative intent was to extend the city's right to sell to include property dedicated and used for some special public purpose.

In reaching this conclusion we consider the broad terms of the Act, the authority given to sell "any" of the city's property. In numerous cases the word "any" is defined to be synonymous with the word "all." See *Metropolitan Life Ins. Co. v. Johnson*, 194 Ga. 138, 140 (20 SE2d 761); Boyd v. Bell, 68 Ariz. 166 (203 P2d 618); Lambert v. New England Fire Ins. Co., 148 Me. 60 (90 A2d 451); Wormington v. City of Monett, 356 Mo. 875 (204 SW2d 264); Pursley v. Inman, 215 S.C. 243 (54 SE2d 800). Where a word so inclusive as "any" or "all" is employed in a statute in designating a particular subject matter to which its provisions will apply, it would seem unnecessary to then specify the parts of the subject matter making up the whole, all as described in the words "any" or "all." See *City of Savannah v. Solomon's Lodge*, 53 Ga. 93; *Fort v. State*, 92 Ga. 8, 12 (18 SE 14, 23 LRA 86).

The trial judge did not err in holding that the charter amendment had the effect of conferring authority upon the city to sell the recreation park and swimming pool property.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Candler, P. J., who dissent.*

SUBMITTED FEBRUARY 15, 1966—DECIDED MARCH 10, 1966.

*W. L. Ferguson*, for appellants.

*R. R. Jones*, for appellee.

*Perry, Walters, Langstaff & Lippitt, Thad W. Gibson*, for party at interest not party to record.