S98G0968. MIKELL v. THE STATE.
(510 SE2d 523)

</div>

THOMPSON, Justice.
    We granted certiorari to the Court of Appeals in *Mikell v. State,* 231 Ga. App. 85 (498 SE2d 531) (1998), to determine whether a trial court must exercise discretion under OCGA § 16-13-32.5 (c) (2) in sentencing a defendant for a second or subsequent violation of OCGA § 16-13-32.5 (b) (distributing a controlled substance within 1,000 feet of a public housing project). We answer in the affirmative.
    Mikell was charged and convicted of violating OCGA § 16-13-32.5 (b), as well as OCGA § 16-13-30 (b) (selling a controlled substance), and OCGA § 16-10-24 (obstructing a police officer by resisting arrest). He had one prior conviction for possession with intent to distribute a controlled substance (OCGA § 16-13-30 (b)), and one prior conviction for possession with intent to distribute cocaine within 1,000 feet of a public housing project (OCGA § 16-13-32.5 (b)). Predicated on those prior convictions, the district attorney served notice of its intent to prosecute and sentence Mikell under the general recidivist statute, OCGA § 17-10-7 (a).[1] During the sentencing hearing, the State urged that the trial court was *required* to apply the recidivist sentencing provision of OCGA § 17-10-7 (a) to the second violation of OCGA § 16-13-32.5 (b) and sentence Mikell to the maximum amount of time prescribed — imprisonment for 40 years, to run consecutively. The court agreed and sentenced Mikell to life imprisonment for the sale of a controlled substance; 40 years for distribution within 1,000 feet of a public housing project, to run consecutively; and 12 months for obstruction, to run concurrently.
    OCGA § 16-13-32.5 (c) (2)[2] contains a separate provision setting

---

[1] The present indictment did not contain a recidivist count.
[2] Under OCGA § 16-13-32.5 (c) (2), any person who violates or conspires to violate

forth the mandatory range of punishment for "a second or subsequent conviction" under OCGA § 16-13-32.5 (b). Thus, while the legislature directed that a second offender *must* be sentenced under subsection (c) (2), it also vested the sentencing court with discretion in determining the length of the sentence within the specified statutory range. Both the trial court and the Court of Appeals incorrectly applied the recidivist sentencing provision of OCGA § 17-10-7, which mandated that Mikell "be sentenced to undergo the longest period of time prescribed for the punishment for the subsequent offense for which he stands convicted" — in this case, 40 years. Instead, the court was authorized to exercise discretion under subsection (c) (2) and impose a consecutive sentence of five to forty years in prison.

We reject the State's assertion that the general recidivist statute, OCGA § 17-10-7, overrides the sentencing provisions of OCGA § 16-13-32.5 (c) (2). The initial rule of statutory construction is to look to the legislative intent and to construe statutes to effectuate that intent. OCGA § 1-3-1 (a). The uncodified preamble to OCGA § 16-13-32.5 at Ga. L. 1992, p. 2043, § 1, states in pertinent part that the legislation was enacted to create a "new criminal offense" of prohibiting the manufacture, distribution, and possession with intent to distribute a controlled substance or marijuana within 1,000 feet of property dedicated as a park, playground, or a publicly owned or operated housing project. As explained by the sponsor of the legislation, the bill was proposed at the request of constituents who demanded tougher drug laws because of the potential impact of drugs on their children. 9 Ga. St. L. Rev. 212, 213 (1992). The plain language of OCGA § 16-13-32.5 effectuates the stated legislative intent. Moreover, this legislation was enacted by the General Assembly with full knowledge that OCGA § 17-10-7 provided for enhanced sentencing of repeat offenders where no other sentencing provision controlled. Compare *Stone v. State*, 218 Ga. App. 350 (1) (461 SE2d 548) (1995), relying on *State v. Baldwin*, 167 Ga. App. 737 (4) (307 SE2d 679) (1983) (repeat armed robbery offender indicted as a recidivist is subject by the express terms of OCGA § 16-8-41 (d) to the sentencing provisions of OCGA § 17-10-7). Even assuming arguendo that the two statutes may be in conflict, the more recent legislative expression prevails. *Jenkins v. State*, 265 Ga. 539 (1) (458 SE2d 477) (1995).

We hold that the trial court is authorized under OCGA § 16-13-

---

OCGA § 16-13-32.5 (a) or (b), shall be punished as follows: "Upon a second or subsequent conviction, imprisonment for not less than five years nor more than 40 years or a fine of not more than $40,000, or both. It shall be mandatory for the court to impose a minimum sentence of five years which may not be suspended unless otherwise provided by law. A sentence imposed under this Code section shall be served consecutively to any other sentence imposed."

32.5 (c) (2) to exercise discretion in sentencing a repeat offender to a term of imprisonment within the statutory range, and is not bound by the provisions of OCGA § 17-10-7. Accordingly, the Court of Appeals is directed to remand to the trial court for a new sentencing hearing.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 11, 1999 —
RECONSIDERATION DENIED FEBRUARY 8, 1999.

*Caesar J. Burch,* for appellant.
*Spencer Lawton, Jr., District Attorney, Lori T. Loncon, Assistant District Attorney,* for appellee.