## A00A0090. MANN v. THE STATE.
(524 SE2d 763)

McMURRAY, Presiding Judge.

Defendant Calvin Mann was tried before a jury and found guilty of violating the Georgia Controlled Substances Act for possessing cocaine with the intent to distribute. As a recidivist, Mann received a life sentence without parole under OCGA §§ 17-10-7 (c) and 16-13-30 (d). After an evidentiary hearing, Mann's motion for new trial was denied, and this appeal followed. *Held*:

In three related enumerations of error, Mann contends the trial court erred in overruling his motion for new trial on the special ground of ineffective assistance of counsel. Because the conflicting evidence adduced at the evidentiary hearing authorized the trial court's ultimate conclusion that Mann failed to show a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different, we affirm.

1. The State offered Mann a plea bargain with a sentencing recommendation of seven years, to serve two, and the balance on probation. This plea was rejected. Mann concedes he was informed by defense counsel that the sentence he faced after trial ranged from ten years to life and that, as a recidivist, he would have to serve every day of any sentence. He nevertheless argues he was denied effective assistance of counsel because he rejected the negotiated plea agreement without being informed that the only sentence he could receive was life without parole.

(a) It is not correct that the *only* sentence Mann could have received for this trafficking offense, his ninth felony conviction, was life without parole. Any person who "upon conviction for [a] fourth [felony] offense or for subsequent offenses [must] serve the maximum time *provided in the sentence of the judge* based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." (Emphasis supplied.) OCGA § 17-10-7 (c). For a second

or subsequent violation of OCGA § 16-13-30 (b), the sentencing judge must impose a sentence of "not less than ten years nor more than 40 years or life imprisonment." OCGA § 16-13-30 (d). Consequently, the sentencing judge retains the discretion either to impose any sentence *within* the statutory mandatory minimum and maximum sentence range *or else* to impose a life sentence. See *Mikell v. State*, 270 Ga. 467 (510 SE2d 523). Thus, Mann's factual predicate for this enumeration is not well-taken.

(b) Defense counsel did not provide ineffective assistance by failing to inform Mann of his ineligibility for parole from any authorized sentence.

> Objective professional standards dictate that a defendant, absent extenuating circumstances, is entitled to be told that an offer to plead guilty has been made and to be advised of the consequences of the choices confronting him. For counsel to do otherwise amounts to less than reasonably professional assistance.

(Footnote omitted.) *Lloyd v. State*, 258 Ga. 645, 648 (2) (a) (373 SE2d 1). But eligibility or ineligibility for parole is not a consequence of a plea of guilty, but rather is a matter of legislative grace or a consequence of the withholding of legislative grace. *Williams v. Duffy*, 270 Ga. 580, 581 (513 SE2d 212). Thus, the requirement of OCGA § 17-10-7 (c), that Mann serve the maximum time provided in the sentence of the judge for this conviction, would have only a collateral effect on Mann's sentence for possessing cocaine with the intent to distribute, in no way lengthening the sentence itself, but merely conditioning satisfaction of that sentence upon Mann's incarceration for the rest of his natural life as designated in that sentence. *Williams v. Duffy*, 270 Ga. at 581, supra. There is no constitutional requirement that a defendant be advised of such collateral consequences for his decision to reject or accept a plea bargain to be valid. Id. Under these circumstances, the trial court's conclusion that Mann was not denied effective assistance of counsel is not clearly erroneous and will not be disturbed. *Taylor v. State*, 239 Ga. App. 329, 330 (521 SE2d 375). Accord *Whitehead v. State*, 211 Ga. App. 121, 123 (438 SE2d 128).

2. Exhibit S-2, a certified copy of defendant's prior guilty plea to felony possession of cocaine with intent to distribute, was admitted as a similar transaction without objection. Thereafter, Mann took the stand and told the jury his version of events leading to his arrest for the instant offense of possessing cocaine with intent to distribute. In closing argument, the State's attorney admonished the jury that:

> in order to acquit you have to believe that this defendant is

telling the truth. You must believe that this convicted drug dealer is telling the truth. You have to believe that this convicted drug dealer who still does not want to be held accountable for the guilty plea he already entered is telling the truth.

Mann's second enumeration urges that trial counsel was ineffective in failing to interpose a timely objection to this argument, because it was improper to use similar transaction evidence to impugn a defendant's credibility. We disagree.

The failure to make a meritless objection cannot be any evidence of ineffective assistance of counsel. *Hayes v. State*, 262 Ga. 881, 884 (3) (c) (426 SE2d 886); *Mency v. State*, 228 Ga. App. 640, 645 (2) (b) (492 SE2d 692). It is quite true that, at the time defendant's prior cocaine conviction was tendered, it was admissible only as a similar transaction. But thereafter, Mann elected to testify in his own behalf. Since defendant took the stand, he was subject to impeachment for his prior conviction for possessing cocaine with intent to distribute because that conviction represented both a felony and a crime involving moral turpitude. *Lewis v. State*, 243 Ga. 443, 446 (254 SE2d 830). Accord *Kyler v. State*, 270 Ga. 81, 84 (10) (508 SE2d 152). The State's attorney was entirely within her rights to comment on that prior conviction for purposes of impeachment in her closing argument. It follows that trial counsel was not ineffective by failing to interpose a timely character objection to this argument.

3. In a related enumeration, Mann contends trial counsel was ineffective because he submitted a request to charge on impeachment by conviction of a felony. Although this request was withdrawn by counsel, Mann argues this withdrawn request invited the State's allegedly improper character argument. Because we have previously ruled in Division 2 that the State's attorney properly argued the similar transaction also amounted to impeachment (once defendant took the stand), we conclude there was no causal relation between the initial submission of the withdrawn request to charge and the permissible argument. We further hold that Mann sustained no legal harm as a result of that permissible argument. The trial court's denial of Mann's motion for new trial on the special ground of ineffective assistance of trial counsel is supported by evidence and is not, therefore, clearly erroneous and is affirmed. *Smith v. State*, 256 Ga. 483 (351 SE2d 641).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 5, 1999 —
RECONSIDERATION DENIED NOVEMBER 16, 1999 —

*Steven E. Phillips*, for appellant.
*Paul L. Howard, Jr., District Attorney, David E. Langford, Assistant District Attorney*, for appellee.