S00G0478. MANN v. THE STATE.
(541 SE2d 645)

SEARS, Justice.

In this case the appellant, Calvin Mann, appealed to the Court of Appeals of Georgia from his conviction for possessing cocaine with the intent to distribute, his third conviction for possessing a con-

trolled substance with the intent to distribute, and his ninth felony conviction in all. The Court of Appeals affirmed the conviction.[1] We then granted certiorari to consider two questions. The first is whether the Court of Appeals erred in holding that the trial court was not required to sentence Mann to life in prison under OCGA § 17-10-7 (a), the general felony recidivist statute, but instead had the discretion under OCGA § 16-13-30 (d), the specific recidivist statute for certain drug offenses, to sentence Mann either to life in prison or to a term of not less than ten years nor more than 40 years in prison. The second issue is whether the Court of Appeals erred in holding that Mann was subject to general impeachment by means of a previous felony conviction that the State introduced as "other transaction" evidence in its case-in-chief. We conclude that the Court of Appeals properly held that the trial court had discretion in sentencing Mann under the specific recidivist provisions of § 16-13-30 (d) and was not required to sentence Mann to life in prison under the general recidivist provisions of § 17-10-7 (a). We also conclude, however, that the Court of Appeals erred in holding that Mann was subject to general impeachment by means of the previous conviction in question. Although we conclude that the Court of Appeals erred in this regard, we conclude that the error was harmless, and we therefore affirm Mann's conviction.

1. Mann was found guilty of possessing cocaine with the intent to distribute, his third conviction for the possession of a controlled substance with the intent to distribute and his ninth felony conviction. The trial court sentenced Mann to life without parole as a recidivist. Before trial, the State had offered Mann a plea bargain with a sentencing recommendation of seven years, to serve two, and the balance on probation. Mann, however, rejected the plea bargain. In his motion for new trial, Mann contended that he had received ineffective assistance of trial counsel because he rejected the plea bargain due to his trial counsel's failure to inform him that the only sentence he could receive if convicted was life without parole. In this regard, at the hearing on the motion for new trial, defense counsel testified that he told Mann that he could be sentenced from a range of ten years to life in prison, and that, as an eight time recidivist, he would not be eligible for parole.

The trial court denied Mann's motion for new trial, and on appeal to the Court of Appeals, Mann contended that trial counsel was ineffective for failing to inform him that he would receive a mandatory life sentence without parole. The Court of Appeals, however, ruled that Mann was incorrect in his assertion that he could

---

[1] *Mann v. State*, 240 Ga. App. 809 (524 SE2d 763) (1999).

only be sentenced to life without parole. The Court instead held that the sentencing judge had the discretion to sentence Mann under § 16-13-30 (d) to "any sentence within the statutory mandatory minimum and maximum sentence range or else to impose a life sentence."[2] For the reasons that follow, we conclude that the Court of Appeals did not err.

OCGA § 16-13-30 (d) provides that upon a second or subsequent conviction of possession of a controlled substance with the intent to distribute, the trial court has the discretion to impose a sentence of

> not less than ten years nor more than 40 years or life imprisonment. The provisions of subsection (a) of Code Section 17-10-7 shall not apply to a sentence imposed for a second such offense; provided, however, that the remaining provisions of Code Section 17-10-7 shall apply for any subsequent offense.

Under § 17-10-7 (a), a defendant convicted of a second felony offense must be sentenced to the maximum time provided by law, which, in the present case, would be life in prison.

In interpreting the interplay of § 16-13-30 (d) and § 17-10-7, we must bear in mind the principle that "a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent."[3] In this case, § 16-13-30 (d) provides a specific sentencing scheme for defendants convicted more than once of possessing cocaine with the intent to distribute under § 16-13-30 (b). For this reason, the general recidivist scheme of § 17-10-7 will apply to multiple convictions under § 16-13-30 (b) only if § 16-13-30 (d) permits the applicability of § 17-10-7.[4] Finally, in interpreting criminal statutes, it is axiomatic that any ambiguities must be construed most favorably to the defendant.[5]

In this regard, it is undisputed that § 16-13-30 (d) precludes the application of § 17-10-7 (a) to a second conviction under § 16-13-30. Mann, however, contends that because § 16-13-30 (d) specifies that § 17-10-7 (a) is inapplicable only to a second conviction under § 16-13-30, § 16-13-30 (d) should be interpreted as intending for § 17-10-7 (a) to apply to a third or subsequent offense under § 16-13-30 (b). We conclude, however, that it is equally as reasonable, if not more so, to interpret § 16-13-30 (d) as granting a trial court the discretion to sen-

---

[2] *Mann*, 240 Ga. App. at 810. There is no dispute that Mann was not eligible for parole, whatever the length of the sentence imposed, as subsection (c) of § 17-10-7 provides that after a fourth felony conviction, a defendant is not eligible for parole.

[3] See *Vines v. State*, 269 Ga. 438, 440 (499 SE2d 630) (1998).

[4] See *Mikell v. State*, 270 Ga. 467 (510 SE2d 523) (1999).

[5] *Vines*, 269 Ga. at 438-439; *State v. Mills*, 268 Ga. 873, 875 (495 SE2d 1) (1998); *Paras v. State*, 247 Ga. 75, 76 (274 SE2d 451) (1981).

tence a defendant for a third or subsequent offense under § 16-13-30 (b) to either life in prison or to a term in prison of not less than ten years and not more than forty years. First, the second sentence of § 16-13-30 (d) plainly provides that trial courts have such sentencing discretion when a defendant is convicted of a second or *subsequent* offense under § 16-13-30 (b). Moreover, although the first clause of the last sentence of § 16-13-30 (d) provides that § 17-10-7 (a) "shall not apply to a sentence imposed for a second" offense under § 16-13-30 (b), the second clause of that sentence, which provides that the "*remaining provisions* of Code Section 17-10-7 shall apply for any subsequent offense," can reasonably be interpreted as precluding the application of § 17-10-7 (a) to a third or subsequent offense under § 16-13-30 (b).

In sum, because the interpretation of § 16-13-30 (d) that grants trial courts discretion in sentencing for a third or subsequent offense under § 16-13-30 (b) is as reasonable as the interpretation advanced by Mann, and because criminal statutes must be construed most favorably to the defendants,[6] we conclude that the Court of Appeals properly interpreted § 16-13-30 (d) as granting trial courts the discretion to sentence defendants for a third or subsequent conviction to a term of between ten to forty years in prison or to life in prison.

2. Over Mann's objection, the trial court permitted the State to introduce evidence of Mann's prior conviction for the possession of cocaine with the intent to distribute as a similar transaction. To prove the prior transaction, the State introduced testimony from the arresting officer, as well as a copy of Mann's conviction. At the time the evidence of the prior transaction was introduced, the trial court gave a proper limiting instruction. Mann also testified at trial, and disputed the State's version of the events in the present case. During closing arguments, the prosecutor relied on Mann's prior conviction to attack the credibility of Mann's testimony. Mann's counsel failed to object to this argument, and in his motion for new trial, Mann contended that his trial counsel was ineffective in failing to do so, as it was improper for the State to use similar transaction evidence to attack his credibility.

The trial court denied the motion for new trial, and Mann raised the same issue before the Court of Appeals. That Court ruled that, because Mann testified at trial, he was subject to impeachment based upon the prior conviction, as that conviction was "both a felony and a crime involving moral turpitude."[7] For the reasons that follow, we conclude that the Court of Appeals erred in this ruling.

---

[6] *Vines*, 269 Ga. at 438-439; *Mills*, 268 Ga. at 875; *Paras*, 247 Ga. at 76.

[7] *Mann*, 240 Ga. App. at 811.

To support its holding, the Court of Appeals relied upon this Court's decision in *Kyler v. State*.[8] In *Kyler*, the district attorney displayed a ream of computer paper to the jury during closing argument and stated that it was Kyler's arrest record. Kyler moved for a mistrial, which the trial court denied. The trial court, however, gave a curative instruction to the jury, informing it that

> "[s]ince the . . . particular document being referenced by counsel is not in evidence, you are not to suspect, speculate or infer as to . . . what is contained in any document not in evidence, and therefore those items should not be used by you or considered by you in reaching your decision in this case."[9]

On appeal, Kyler contended that the trial court erred in denying his motion for a mistrial. We held that because Kyler had testified, his "credibility was subject to impeachment on the basis of a prior conviction for a crime of moral turpitude or upon the introduction of a certified felony conviction"; that the district attorney erred in failing to follow this procedure; that, instead, the district attorney had improperly injected into closing argument prejudicial material that had not been introduced into evidence at trial; but that the error was harmless considering the trial court's curative instruction and the overwhelming evidence of Kyler's guilt.

In hindsight, although this Court was correct in holding that the error in Kyler's case was harmless, we erred in stating that simply because Kyler testified, he could be impeached by a prior felony conviction involving moral turpitude.[10] The proper rule, in relevant part, is that a defendant who testifies may not be impeached by a prior felony conviction involving moral turpitude unless he first has placed his character into evidence.[11] Here, Mann did not place his character into evidence at trial, and the Court of Appeals thus erred in holding that Mann's credibility was subject to impeachment with his prior felony conviction, and that Mann's claim of ineffective assistance of trial counsel was without merit since trial counsel's performance was not deficient in failing to object to a proper closing argument. We conclude, however, that, even if trial counsel performed deficiently in failing to object to the prosecutor's closing argument, Mann's claim of ineffective assistance of counsel is without merit, as given the over-

---

[8] 270 Ga. 81, 84-85 (10) (508 SE2d 152) (1998).

[9] (Emphasis omitted.) Id. at 85.

[10] Our error in this regard was dicta, as Kyler's alleged error, as well as our holding that error occurred, was based upon the district attorney's act of introducing prejudicial matters into evidence during closing argument.

[11] OCGA § 24-9-20 (b); *Jones v. State*, 257 Ga. 753, 754-755 (363 SE2d 529) (1988).

whelming evidence of guilt, there is no reasonable probability that the result of the trial would have been different if defense counsel had objected to the argument and the trial court had taken appropriate action.[12]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2001.

*Steven E. Phillips*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anne E. Green, Robert C. McBurney, Assistant District Attorneys,* for appellee.

---

[12] *Jeffries v. State*, 272 Ga. 510, 512 (4) (530 SE2d 714) (2000).