## A01A0515. NORWOOD v. THE STATE.
### (548 SE2d 478)

MILLER, Judge.

Indicted as a recidivist in the Superior Court of Cherokee County, Alvin Norwood, also known as Rogers Hamilton, was charged with a single count of burglary. On March 20, 2000, with the assistance of counsel, Norwood entered a nonnegotiated guilty plea "to all counts of the indictment" and was sentenced to serve 20 years without parole. On appeal, he enumerates the denial of his motion in autrefois convict and the imposition of the 20-year sentence. We affirm his conviction but vacate the sentence and remand for resentencing.

1. Norwood filed a pretrial motion to dismiss the charges against him on the ground that he had already pleaded guilty in Cobb County to a charge of burglary allegedly involving the same conduct and same property for which he was charged in Cherokee County.

The special presentment in this case alleged Norwood entered the dwelling of Linda Tabor in Woodstock, without permission and with the intent to commit a theft therein. The Cobb County indictment alleged that Norwood burglarized two dwellings on George Busbee Parkway in Cobb County. Norwood pleaded guilty in Cobb Superior Court to one count of burglary and a reduced count of theft by receiving. The factual basis for that plea was that residents of an apartment complex in the Cobb County portion of George Busbee Parkway reported two males carrying furniture and belongings out of one of the apartments and loading them into a U-Haul truck. Within moments, police spotted a U-Haul truck, and when the patrol activated their blue lights, a high-speed chase ensued. The driver and passenger tried to flee the truck but were apprehended. Stolen items were located in the back of the truck.

The Cherokee Superior Court found as fact that Cobb County police recovered property from all three burglaries when they searched the U-Haul.[1] Nevertheless, the transcript of the Cobb

---

[1] In its notice of intent to present similar transactions, the State asserted that the Cherokee burglary was committed only hours before the Cobb burglaries and that the property stolen in the Cherokee burglary was recovered from the U-Haul.

County plea hearing makes no mention of Tabor or the burglary of her Woodstock residence, nor does it demonstrate that any of her property was included in the stolen items for which Norwood pleaded guilty to theft by receiving.

Where the record shows the accused committed two entirely separate criminal transactions in different counties, though part of a single criminal episode, a guilty plea in one does not bar prosecution for the other by reason of double jeopardy[2] or otherwise authorize a plea of autrefois convict.[3] Here, the Cobb Superior Court's acceptance of Norwood's guilty plea to the reduced offense of theft by receiving (arising out of an alleged burglary on George Busbee Parkway in Cobb County) does not amount to a binding determination that someone other than Norwood committed the entirely separate burglary in Woodstock, Cherokee County. The Cherokee Superior Court correctly denied Norwood's motion to dismiss based on his plea of autrefois convict.[4]

2. Norwood next contends the trial court erred in concluding that, under OCGA § 17-10-7 (a), a 20-year sentence was mandatory. We agree.

"OCGA § 17-10-7 provide[s] for enhanced sentencing of repeat offenders where no other sentencing provision control[s]."[5] OCGA § 16-7-1 (b) provides:

> Upon a *second* conviction for a crime of burglary occurring after the *first* conviction, a person shall be punished by imprisonment for not less than two nor more than 20 years. Upon a *third* conviction for the crime of burglary occurring after the *first* conviction, a person shall be punished by imprisonment for not less than five nor more than 20 years. Adjudication of guilt or imposition of sentence shall not be suspended, probated, deferred, or withheld for any offense punishable under this subsection.[6]

> In this case, [OCGA § 16-7-1 (b)] provides a specific sentencing scheme for defendants convicted more than once of [burglary] under [OCGA § 16-7-1 (a)]. For this reason, the general recidivist scheme of [OCGA] § 17-10-7 will [not] apply to

---

[2] *Potts v. State*, 261 Ga. 716, 720 (1) (b) (410 SE2d 89) (1991).

[3] *Cooper v. State*, 253 Ga. 736, 737 (2) (325 SE2d 137) (1985). Compare *Clark v. State*, 144 Ga. App. 69, 70 (240 SE2d 270) (1977) (where defendant pleaded guilty in Gwinnett County to theft by receiving a stolen check-writing machine, that amounted to a binding determination that some other party actually stole the machine and estopped the State from prosecuting Clark in Fulton County for the burglary in which the machine was stolen).

[4] See *Maxey v. State*, 239 Ga. App. 638, 640 (2) (521 SE2d 673) (1999).

[5] (Citations omitted.) *Mikell v. State*, 270 Ga. 467, 468 (510 SE2d 523) (1999).

[6] (Emphasis supplied.)

multiple [or repeat] convictions under [OCGA § 16-7-1 (a) because OCGA § 16-7-1 (b) does not contemplate or permit] the applicability of [OCGA] § 17-10-7.[7]

Since specific sentencing provisions prevail over the general recidivist statute at OCGA § 17-10-7,[8] we hold the trial court retained the discretion to impose any sentence within the mandatory minimum and the statutory maximum range[9] and is not bound by the provisions of OCGA § 17-10-7.[10] Under OCGA § 16-7-1 (b), for a second burglary as alleged here, that range is imprisonment for not less than two nor more than twenty years. The trial court erred in imposing a mandatory 20-year sentence. Accordingly, we vacate that sentence and remand for resentencing in the exercise of the court's enlightened discretion.[11]

3. Remaining contentions have been considered and are found to be without merit.

*Judgment of conviction affirmed. Sentence vacated and case remanded for resentencing. Andrews, P. J., and Eldridge, J., concur.*

DECIDED MAY 7, 2001.

*William E. Whitaker*, for appellant.
*Garry T. Moss, District Attorney, Scott T. Poole, Assistant District Attorney*, for appellee.

---

[7] *Mann v. State*, 273 Ga. 366, 368 (1) (541 SE2d 645) (2001).

[8] Id.

[9] *Mann v. State*, 240 Ga. App. 809, 810 (1) (a) (524 SE2d 763) (1999), aff'd, *Mann v. State*, supra, 273 Ga. at 368 (1).

[10] *Mikell v. State*, supra, 270 Ga. at 469.

[11] *Moton v. State*, 242 Ga. App. 397, 400 (3) (b) (530 SE2d 31) (2000). Accord *Mikell v. State*, supra, 270 Ga. at 468-469.