A02A2224. STEPHENS v. THE STATE.
(578 SE2d 179)

MILLER, Judge.

After pleading guilty to burglary and misdemeanor obstruction, Johnny Lee Stephens was sentenced as a recidivist to 20 years, the maximum sentence for burglary. On appeal he contends that the trial court erred in concluding that it had no discretion to sentence Stephens as a recidivist to anything other than the maximum period of

confinement. Since Stephens had prior felony convictions for both burglary and forgery, we hold that the trial court did not err in sentencing him as a recidivist for his subsequent conviction of burglary. We therefore affirm.

The record reveals that Stephens pled guilty to one count of burglary and one count of misdemeanor obstruction. On the day of his guilty plea, the State gave Stephens notice of its intent to introduce Stephens's prior convictions for burglary and forgery in aggravation of his sentence.

At the sentencing hearing, the trial judge stated that, in light of Stephens's prior felony convictions, the court had no choice but to sentence Stephens to the maximum period of confinement required by the law. The court then sentenced Stephens to 20 years, and Stephens now appeals.

Stephens argues that the trial court erred in concluding that it did not have the discretion to sentence him to anything less than the maximum punishment available for burglary. Citing *Norwood v. State*, 249 Ga. App. 507, 508-509 (2) (548 SE2d 478) (2001), he contends that the trial court had discretion to sentence him to less than the maximum sentence since OCGA § 16-7-1 (b) provides specific sentencing guidelines for multiple burglary convictions, and as such the enhanced sentencing provisions for repeat offenders pursuant to OCGA § 17-10-7 would not apply. We disagree.

Due to the introduction of a prior felony conviction for forgery in addition to Stephens's prior conviction for burglary,

> [Stephens] was, for sentencing purposes, more than a mere two-time burglary offender under the specific recidivist provisions of OCGA § 16-7-1 (b). He was a three-time felony offender under the general recidivist provisions of OCGA § 17-10-7 (a). Accordingly, the trial court properly sentenced appellant as a recidivist under OCGA § 17-10-7.

(Citation and punctuation omitted.) *Mitchell v. State*, 202 Ga. App. 100, 102 (2) (413 SE2d 517) (1991).

The instant case is distinguishable from *Norwood*, supra, because of the existence of a separate prior felony conviction other than burglary. In *Norwood*, the only prior felony conviction introduced to enhance the defendant's sentence was a burglary conviction. See *Norwood*, supra, 249 Ga. App. at 508-509 (2). OCGA § 16-7-1 (b) provides specific sentencing guidelines for such a situation. Here, however, the existence of a prior felony conviction for forgery *in addition* to the prior conviction for burglary removes the case from the exclusive provisions of OCGA § 16-7-1 (b) and allows for the application of the repeat offender statute for sentencing purposes. See

*Mitchell*, supra, 202 Ga. App. at 102 (2). The trial court therefore did not err in concluding, consistent with the repeat offender statute, that it was required to sentence Stephens to the maximum period of confinement allowed for burglary. See OCGA §§ 16-7-1 (b); 17-10-7 (a).

   *Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 11, 2003.

*Cannon & Cannon, David L. Cannon, Jr.,* for appellant.
*Garry T. Moss, District Attorney,* for appellee.