## A03A0699. WILLIAMS v. THE STATE.
### (582 SE2d 141)

ANDREWS, Presiding Judge.

Vernon Williams appeals from the judgment of conviction and sentence entered on jury verdicts finding him guilty of felony theft by shoplifting, misdemeanor obstruction of a law enforcement officer, and simple assault. For the following reasons, we affirm the conviction but vacate the sentence imposed and remand for resentencing.

1. Williams contends the evidence was insufficient to support the guilty verdicts.

Employees of Sam's Club store testified that the shoplifting at issue occurred at a back exit which led from the interior of the store to an adjacent garage area where the store performed work on cars for its customers. There was no cash register at the exit to the garage, so customers with merchandise to purchase could not leave the store through this exit. The exit door was locked from the inside, but a store employee assigned to monitor the exit could unlock the door with a buzzer to allow customers whose cars were being worked on to enter the garage area, as long as they were not carrying unpurchased merchandise.

Two store employees testified that, on the day prior to the shop-

lifting incident at issue, they saw Williams run out this exit with two unpurchased DVD players in a shopping cart when the door was buzzed open for another customer. On that day, Williams escaped from the scene with the DVD players. The employees testified that Williams returned the next day and again approached the same exit with two unpurchased DVD players in a shopping cart. Evidence showed the two DVD players had a value in excess of $300. The employee monitoring the exit testified that this time Williams asked him to buzz the door open to let him out with the DVD players. The employee refused and immediately notified his manager. Williams then pushed the cart into another part of the store, left the cart there with the DVD players still in it, and attempted to leave the store by another exit. When store employees tried to prevent Williams from leaving the store in order to question him, Williams swung at a store employee with his fist, and a struggle ensued between the employee and Williams. A police officer who responded to a call from the store for help testified that Williams was struggling with the store employee when he arrived and identified himself as a police officer, and that Williams physically resisted his attempt to place him under arrest.

The evidence was sufficient to support the jury's guilty verdict on the charge of felony shoplifting. The indictment charged that Williams took possession of DVD players having a value in excess of $300 with the intention of appropriating them to his own use without paying for them. One of the various methods by which shoplifting may be committed under OCGA § 16-8-14 provides that

> [a] person commits the offense of theft by shoplifting when he alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same[,] . . . takes possession of the goods or merchandise of any store or retail establishment.

OCGA § 16-8-14 (a) (1). Section 16-8-14 (b) (2) further provides that the offense is a felony when the merchandise which was the subject of the theft exceeds $300 in value.

Although Williams never took the DVD players outside of the store, the evidence showed that he put DVD players exceeding $300 in value in a shopping cart inside the store and attempted to leave the store without paying for them. With the DVD players in his possession, Williams approached the exit to the garage area where there was no cash register where he could pay for the merchandise and the door was locked, and he asked an employee to unlock the door so he could leave with the merchandise. Two employees testified that Williams was the same person who they saw run through the same exit

the previous day with two DVD players. The criminal intent required under the shoplifting statute may be inferred from the "words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. The evidence was sufficient to allow the jury to find beyond a reasonable doubt that Williams took possession of the DVD players in the store with the intent of appropriating them to his own use without paying for them. *Mathis v. State*, 194 Ga. App. 498, 499 (391 SE2d 130) (1990); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Evidence that Williams attempted to strike a store employee and that he physically resisted an identified police officer while the officer was placing him under arrest was also sufficient to support the jury verdicts finding Williams guilty of simple assault and misdemeanor obstruction of a police officer in the lawful discharge of his official duties. OCGA §§ 16-5-20 (a) (2); 16-10-24 (a).

2. Williams contends the trial court failed to exercise sentencing discretion provided under OCGA § 16-8-14 for his shoplifting conviction because it erroneously concluded it was required to impose the maximum sentence of ten years with no eligibility for parole.

The record shows that Williams had four prior shoplifting convictions (three felony and one misdemeanor) and three prior non-shoplifting felony convictions. The State provided notice of its intent to present evidence of these prior convictions to seek recidivist sentencing pursuant to OCGA § 17-10-7. The trial court imposed a sentence of ten years on the shoplifting conviction and indicated during sentencing colloquy that, given the prior convictions, it believed it was required to impose a ten-year term as the maximum sentence applicable on the shoplifting conviction.

Because Williams's present conviction was his fifth for shoplifting, the applicable sentencing provision under the shoplifting statute is OCGA § 16-8-14 (b) (1) (C) which provides that:

> Upon conviction of a fourth or subsequent offense for shoplifting, where the prior convictions are either felonies or misdemeanors, or any combination of felonies and misdemeanors, as defined by this Code section, the defendant commits a felony and shall be punished by imprisonment for not less than one nor more than ten years; and the first year of such sentence shall not be suspended, probated, deferred, or withheld.

This section provides a specific sentencing scheme for defendants convicted four or more times for shoplifting, and gives the trial court discretion to sentence the defendants to a term of not less than one

nor more than ten years. By contrast, the applicable general recidivist sentencing scheme set forth in OCGA § 17-10-7 (a) provides that any defendant with a prior felony conviction who thereafter is convicted of another felony must be given the maximum sentence, which in this case would require imposition of the maximum ten-year sentence set out in § 16-8-14 (b) (1) (C).

The apparent conflict between the specific sentencing scheme for shoplifting and the general recidivist sentencing scheme is addressed by application of the principle that "a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent." (Punctuation and footnote omitted.) *Mann v. State,* 273 Ga. 366, 368 (541 SE2d 645) (2001); *Norwood v. State,* 249 Ga. App. 507, 508-509 (548 SE2d 478) (2001). Because nothing in the specific sentencing scheme in OCGA § 16-8-14 (b) (1) (C) permits application of conflicting provisions in the general recidivist sentencing scheme in OCGA § 17-10-7 (a), the specific scheme controls. *Mann,* 273 Ga. at 368. It follows that, despite Williams's prior felony convictions, the trial court had discretion under § 16-8-14 (b) (1) (C) to sentence Williams to a term of not less than one nor more than ten years.

The record also reflects the trial court concluded that, pursuant to OCGA § 17-10-7 (c), it had no discretion to probate any portion of the term it directed Williams to serve on the shoplifting sentence. Subsection (c) of § 17-10-7 provides that a defendant with three prior felony convictions who is thereafter convicted of a fourth or subsequent felony is not eligible for parole and must serve the entire term provided in the sentence imposed by the trial court. We conclude this subsection of the general recidivist sentencing scheme conflicts with the portion of the specific sentencing scheme in OCGA § 16-8-14 (b) (1) (C) which provides that "the first year of such sentence shall not be suspended, probated, deferred, or withheld." The only reasonable interpretation of this language is that the legislature intended to give discretion to the trial court to probate any portion of the term imposed under § 16-8-14 (b) (1) (C) except for the first year. Even if an argument could be made that the failure to explicitly state this intention leaves unclear whether § 16-8-14 (b) (1) (C) conflicts with § 17-10-7 (c), any ambiguity must be construed in favor of the accused. *Vines v. State,* 269 Ga. 438-439 (499 SE2d 630) (1998). Again, because nothing in the specific sentencing scheme in § 16-8-14 (b) (1) (C) permits application of conflicting provisions in § 17-10-7 (c), the specific scheme controls. *Mann,* 273 Ga. at 368. It follows that, even though Williams had at least three prior felony convictions, the trial court had discretion to probate any portion of the term provided in the sentence imposed under § 16-8-14 (b) (1) (C), except the first year.

Under the circumstances, the trial court's failure to exercise its

discretion was harmful error. *Scott v. State*, 248 Ga. App. 542, 546 (545 SE2d 709) (2001). Accordingly, Williams's entire sentence is vacated and the case is remanded for the trial court to exercise its discretion in reimposing sentence on the shoplifting and other convictions.

3. We find no merit in Williams's contention that the trial court should have granted his motion for a new trial because his trial counsel was ineffective.

Williams claims his trial counsel was ineffective because she: (1) failed to interview certain unnamed witnesses who could have testified to establish his defense that he was not at the store the day prior to the present incident; (2) failed to pursue his defense that he was not at the store on the day prior to the present incident; (3) failed to obtain documentation to verify the DVD theft that occurred the day before the present incident; (4) failed to object to certain testimony given by witnesses for the State; and (5) failed to object to the trial court's conclusion that it was required to impose the maximum ten-year sentence with no eligibility for parole.

As to the first two claims, trial counsel testified at the hearing on the motion for new trial that Williams never raised any defense that he was not at the store on the day prior to the present incident, never provided any witnesses to support such a defense, and, in fact, told her he was at the store on the day prior to the present incident window shopping for a DVD. As the factfinder, the trial court was authorized to determine this testimony was credible and conclude that Williams failed to carry his burden to show that trial counsel's performance was deficient. *Boyd v. State*, 275 Ga. 772, 776 (573 SE2d 52) (2002); *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). As to the third claim, there was ample testimony from store employees that two DVD players were stolen by Williams from the store on the day prior to the present incident, and Williams provided no evidence that any documents existed showing there was no theft. In the absence of evidence to support this claim, the trial court could conclude there was no basis for finding counsel's performance was deficient. Id. As to the fourth claim, Williams contends trial counsel failed to object to testimony by witnesses for the State which he claims drew improper conclusions not supported by what they observed. Even assuming trial counsel could have interposed objections, counsel's choice not to do so but to subject the testimony to rigorous cross-examination was arguably dictated by reasonable trial strategy. There was evidence from which the trial court could have concluded that trial counsel was not ineffective because these decisions were made in the exercise of reasonable professional judgment. *Strickland*, 466 U. S. 668. The fifth claim regarding trial counsel's failure to object to sentencing error is not grounds for the grant of a

new trial, and, to the extent it asserts grounds for resentencing, is moot in light of our holding in Division 2, supra. Accordingly, we find no clear error in the trial court's determination that Williams was afforded effective assistance of counsel and was not entitled to a new trial. Id.; *Parker v. State*, 220 Ga. App. 303, 306-307 (469 SE2d 410) (1996).

*Judgment of conviction affirmed. Sentence vacated and case remanded for resentencing. Barnes and Adams, JJ., concur.*

DECIDED MAY 6, 2003..

*Gary M. Newberry*, for appellant.
*Spencer Lawton, Jr., District Attorney, George R. Asinc, Assistant District Attorney*, for appellee.