A05A1560. THE STATE v. CHAMBERS.
(621 SE2d 588)

MILLER, Judge.

A jury found Percy Chambers guilty of burglary. The State sought to have Chambers sentenced as a recidivist and introduced his two prior convictions for burglary as well as prior felony convictions for robbery, second degree criminal damage to property, and possession of tools for the commission of a crime. The trial court sentenced Chambers to twenty years, provided that upon service of eight years, the remaining twelve years could be suspended. The State appeals, arguing that the court erred in sentencing Chambers under the general recidivist statute rather than the specific statute governing sentencing for second and third burglary convictions. We disagree and affirm.

The trial court sentenced Chambers pursuant to OCGA § 17-10-7 (a), which provides that

> any person convicted of a felony offense in this state . . . who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

The State argues that the trial court did not have discretion to suspend a portion of Chambers's sentence because it should have sentenced Chambers pursuant to OCGA § 16-7-1 (b), which provides in part that

> [u]pon a third conviction for the crime of burglary occurring after the first conviction, a person shall be punished by imprisonment for not less than five nor more than 20 years.

*Adjudication of guilt or imposition of sentence shall not be suspended, probated, deferred, or withheld for any offense punishable under this subsection.*

(Emphasis supplied.)

The record here shows that Chambers had been convicted of not only two previous burglaries, but three other felonies as well. Thus "[he] was, for sentencing purposes, more than a mere [three]-time burglary offender under the specific recidivist provisions of OCGA § 16-7-1 (b). He was a [six]-time felony offender under the general recidivist provisions of OCGA § 17-10-7 (a)." *Stephens v. State,* 259 Ga. App. 564, 565 (578 SE2d 179) (2003); compare *Norwood v. State,* 249 Ga. App. 507, 508-509 (2) (548 SE2d 478) (2001) (where the only prior felony conviction used to enhance the defendant's sentence was one for burglary, the trial court erred in applying sentence under general recidivist statute).

The existence of prior felony convictions in addition to those for burglary "removes the case from the exclusive provisions of OCGA § 16-7-1 (b) and allows for the application of the repeat offender statute for sentencing purposes." *Stephens,* supra, 259 Ga. App. at 565. The trial court properly sentenced Chambers as a recidivist under OCGA § 17-10-7 (a). For this reason, the court also had the discretion under that same statute to probate or suspend a portion of Chambers's sentence.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 28, 2005.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney,* for appellant.
*Charles D. Graham, Brandon Lewis,* for appellee.