### S06G0786. BUTLER v. THE STATE.
(637 SE2d 688)

HUNSTEIN, Presiding Justice.

We granted certiorari in this case to consider whether the Court of Appeals was correct when it affirmed the trial court's sentencing of Mack Butler to life imprisonment without parole as a recidivist under both OCGA § 16-13-30 (d) and OCGA § 17-10-7 (c). See *Butler v. State*, 277 Ga. App. 57 (4) (625 SE2d 458) (2005). For the reasons that follow, we affirm.

Butler was indicted on a charge of violating the Georgia Controlled Substances Act based on his July 22, 1994 sale of a $20 piece of cocaine to an undercover police officer. See OCGA § 16-13-30 (b). The State filed notice of its intent to seek punishment as a repeat offender pursuant to OCGA § 17-10-7 (c), the general recidivist statute; the notice also referenced OCGA § 16-13-30 (d), the specific recidivist statute for persons with prior felony convictions who are convicted of violating subsection (b) of OCGA § 16-13-30. Butler was convicted in March 1996 and during sentencing, the State introduced certified copies of Butler's three prior convictions for the sale of cocaine.[1] Under the version of OCGA § 16-13-30 (d) in effect at the time the crime was committed, life imprisonment was the sole prescribed punishment for a defendant who had one or more prior felony convictions. In addition to the life sentence under the specific recidivist statute, the trial court applied the provisions of the general recidivist statute, OCGA § 17-10-7, specifically, subsection (c). That subsection provides upon conviction for a fourth felony offense that the defendant serve the maximum sentence provided in the sentence of the judge without parole. Accordingly, the trial court imposed on Butler a life sentence without the possibility of parole.

Relying on the principle that " 'a specific statute will prevail over a general statute, absent any indication of a contrary legislative

---

[1] One sale occurred in September 1991 in Glynn County; two sales occurred in November 1990 and April 1991 in McIntosh County. All three felony convictions were entered in February 1992.

intent,'" (footnote omitted) *Mann v. State*, 273 Ga. 366, 368 (541 SE2d 645) (2001), Butler argues that only OCGA § 16-13-30 (d), the specific recidivist statute, applied at the time he committed his offense in July 1994 because the Legislature did not indicate its intent for the general recidivist provisions in OCGA § 17-10-7 to prevail over the specific statute until July 1, 1996, the effective date of the amendment to OCGA § 16-13-30 (d) that expressly references OCGA § 17-10-7.[2] The State disagrees, arguing that the Legislature's intent that OCGA § 17-10-7 prevail over specific recidivist statutes was previously expressed in the language of OCGA § 17-10-7 (e), which provides that "[t]his Code section is supplemental to other provisions relating to recidivous offenders."

A review of the legislative history of OCGA § 17-10-7 reveals that the "supplement" language in subsection (e) was not part of former Ga. Code Ann. § 27-2511 (Ga. L. 1974, p. 352, § 5) but was added to OCGA § 17-10-7 by the Code Revision Committee during the recodification process in 1981. See former OCGA § 17-10-7 (d). As such, the Code Revision Committee's "supplement" language was "not intended to alter the substantive law in existence on the effective date" of the Code. OCGA § 1-1-2. See also *Worley v. State*, 265 Ga. 251 (1) (454 SE2d 461) (1995) (interpreting effect of language in OCGA § 17-10-1 as rewritten by the Code Revision Committee). That authority does not resolve the issue, however, because in 1994 the Legislature passed the Sentence Reform Act of 1994, in which it struck OCGA § 17-10-7 "in its entirety." In its stead, the Legislature enacted the current version of OCGA § 17-10-7, redesignating as subsection (e) the Code Revision Committee's "supplement" language with only a minor change. See Ga. L. 1994, pp. 1959, 1967, § 12. Although a review of the preamble of the Act indicates that the Legislature's sole intent regarding OCGA § 17-10-7 was to make certain provisions regarding persons who are convicted of serious violent felonies, we must presume that the Legislature was aware of the history of the "supplement" language and intended by its inclusion in the 1994 re-enacted statute to give substantive weight to subsection (e). See generally *McPherson v. City of Dawson*, 221 Ga. 861, 862 (148 SE2d 298) (1966) (statutes presumed to be enacted by Legislature with full knowledge of existing condition of the law and

---

[2] OCGA § 16-13-30 (d) sets forth the punishment for persons convicted of violating OCGA § 16-13-30 (b) (manufacturing, distributing, selling, etc. of controlled substances). As amended, it provides that "[u]pon conviction of a second or subsequent offense, [the defendant] shall be imprisoned for not less than ten years nor more than 40 years or life imprisonment." Subsection (d) then concludes: "The provisions of [OCGA § 17-10-7 (a)] shall not apply to a sentence imposed for a second such offense; provided, however, that the remaining provisions of [OCGA § 17-10-7] shall apply for any subsequent offense."

with reference thereto); *Daniel v. Citizens and Southern Nat. Bank of Atlanta*, 182 Ga. 384, 395 (185 SE 696) (1936) (it is the duty of the court, where possible, to give an act such construction as will give full force and effect to all of its provisions).

Accordingly, we must conclude that the Legislature intended after July 1, 1994 that the general recidivist provisions in OCGA § 17-10-7 (e) supplement all existing specific recidivist provisions, including the version of OCGA § 16-13-30 (d) in effect on July 22, 1994, when Butler committed the crime for which he was convicted and sentenced. Our holding is consistent with this Court's opinion in *Mann*, supra, 273 Ga. at 368-369 (1), in which we recognized that the Legislature's 1996 amendment to OCGA § 16-13-30 (d) served to *block* the application of a portion of OCGA § 17-10-7, namely, subsection (a), in order to uphold the discretion the Legislature chose at that time to give trial courts regarding the sentencing of those persons with a prior felony conviction who are convicted of violating OCGA § 16-13-30 (b).[3] There would be no need for the language in OCGA § 16-13-30 (d) blocking the application of subsection (a) of OCGA § 17-10-7 if subsection (e) did not otherwise require the general recidivist statute to prevail over the specific recidivist statute. Contrary to Butler's argument, nothing in *Mann* or *Mikell v. State*, 270 Ga. 467 (510 SE2d 523) (1999) (interpreting OCGA § 16-13-32.5 (c) (2) in light of OCGA § 17-10-7) compels a different result.

Therefore, because Butler was convicted and sentenced before the effective date of the 1996 amendment to OCGA § 16-13-30 (d), a life sentence was the only sentence that the trial court could impose;[4]

---

[3] The defendant in *Mann* was sentenced to life without parole upon his conviction under OCGA § 16-13-30 (d) for his ninth felony. He thereafter challenged the effectiveness of his counsel claiming that he would have accepted the State's more lenient plea offer had counsel correctly informed him that life without parole was the *only* sentence available; Mann asserted his counsel erred as a matter of law by advising him that the sentence Mann faced "ranged from ten years to life and that, as a recidivist, he would have to serve every day of any sentence." *Mann v. State*, 240 Ga. App. 809 (1) (524 SE2d 763) (1999). In considering whether the Court of Appeals correctly rejected Mann's argument that life without parole was the only sentence he could have received, we recognized that the discretion in sentencing given trial courts in OCGA § 16-13-30 (d) is expressly extended to "second and subsequent" convictions; that although subsection (d) precludes the application of OCGA § 17-10-7 (a) to a *second* conviction, the remaining language in OCGA § 16-13-30 (d) likewise precluded application of OCGA § 17-10-7 (a) to third or subsequent convictions; and, as the Court of Appeals had explained, while OCGA § 17-10-7 (a) requires imposition of the maximum sentence "prescribed for the punishment of that subsequent offense," i.e., the maximum provided by the statute, OCGA § 17-10-7 (c) in comparison only requires imposition of its no-parole provision to the "maximum sentence provided in the sentence of the judge." Accordingly, because trial courts under the 1996 amendment to OCGA § 16-13-30 (d) retain the discretion to impose a sentence within ten years to life, a life without parole sentence was not the *only* sentence which Mann could have received. Thus, we affirmed the Court of Appeals.

[4] We note that the Legislature chose not to provide pursuant to OCGA § 16-1-11 that its 1996 amendment to OCGA § 16-13-30 (d) would affect or abate a crime that occurred prior to

likewise, because Butler's conviction was his fourth felony conviction, OCGA § 17-10-7 (c) applied to his sentence by operation of subsection (e) of that statute, as enacted in 1994, so as to require Butler to serve the sentence imposed by the trial court without the possibility of parole. It follows that the Court of Appeals properly determined that the trial court did not err by sentencing Butler to life in prison without parole. Accord *Mims v. State*, 225 Ga. App. 331 (2) (484 SE2d 37) (1997).

*Judgment affirmed. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

I respectfully disagree with the majority's conclusion that the trial court acted appropriately when it sentenced appellant Mack Butler under both OCGA § 16-13-30 (d) (1994) and OCGA § 17-10-7 (c) (1994). My disagreement is based on three principles of law we have applied when presented with the question of the application of competing recidivist sentencing statutes: (1) OCGA § 17-10-7 is not applicable where, as here, sentencing provisions are contained in the statute appellant was convicted of violating (*Mikell v. State*, 270 Ga. 467, 468 (510 SE2d 523) (1999) ("OCGA § 17-10-7 provide[s] for enhanced sentencing of repeat offenders *where no other sentencing provision control[s].*") (emphasis supplied)); (2) "[I]n interpreting the interplay of § 16-13-30 (d) and § 17-10-7, we must bear in mind the principle that 'a specific statute [§ 16-13-30] will prevail over a general statute [§ 17-10-7], absent any indication of a contrary legislative intent.' [Cit.]" *Mann v. State*, 273 Ga. 366 (1) (541 SE2d 645) (2001); and (3) "[I]n interpreting criminal statutes, it is axiomatic that any ambiguities must be construed most favorably to the defendant." Id.

Butler was arrested on July 22, 1994, following his alleged sale of crack cocaine for $20, and was charged with violating OCGA § 16-13-30 (b) (unlawful to sell or possess with intent to distribute a controlled substance). At that time,[5] OCGA § 16-13-30 (d) provided that "any person who violates subsection (b) of this Code section with respect to a controlled substance . . . shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than five years nor more than 30 years. *Upon conviction of a*

---

the amendment's effective date. See also *Widner v. State*, 280 Ga. 675 (2) (631 SE2d 675) (2006).

[5] Our attention must be focused on the law in force at the time the crime was committed. *Yates v. State*, 263 Ga. App. 29, 30 (2) (587 SE2d 180) (2003) ("Where a crime is committed on a certain date, the penalty which attached to the crime on that date is the penalty exacted by our law."). See also *Thompson v. State*, 278 Ga. 394, 395 (603 SE2d 233) (2004) ("The ex post facto doctrine 'forbids the application of any new punitive measure to a crime already consummated.' [Cit.]").

*second or subsequent offense, he shall be imprisoned for life.*" (Emphasis supplied.) Ga. L. 1980, p. 432, § 1. At that time (and to the present time), OCGA § 17-10-7 (c) provided that any person previously convicted of three felonies must, upon conviction of a fourth non-capital felony, "serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served[,]" and OCGA § 17-10-7 (e) provided that "[t]his Code section is supplemental to other provisions relating to recidivous offenders."[6] The trial court applied OCGA § 16-13-30 (d) to sentence appellant to life imprisonment, and applied OCGA § 17-10-7 (c) to make appellant's sentence one without the possibility of parole.

OCGA § 16-13-30 (1994) contained a sentencing provision for repeated violations of that statute, and that sentencing provision called for the imposition of a life sentence "upon conviction for a second or subsequent offense." In *Mikell*, supra, 270 Ga. at 468, we rejected the State's assertion that the sentencing provisions of OCGA § 17-10-7, the general recidivist statute, overrode the sentencing provisions of the statute Mikell was convicted of violating. See also *Norwood v. State*, 249 Ga. App. 507 (2) (548 SE2d 478) (2001) (enhanced sentencing scheme of OCGA § 16-7-1 prevails over general recidivist scheme of OCGA § 17-10-7).[7] The same rule is applicable here — the enhanced sentencing provision of the statute Butler was convicted of violating, OCGA § 16-13-30, prevails over the general recidivist sentencing scheme.

In *Mann v. State*, supra, 273 Ga. at 368-369, we were faced with a version of OCGA § 16-13-30 (d) amended in 1997 which authorized a trial court to impose a sentence of "not less than ten years nor more than 40 years or life imprisonment," and which stated OCGA § 17-10-7 (a) "shall not apply to a sentence imposed for a second such offense; provided, however that the remaining provisions of Code Section 17-10-7 shall apply for any subsequent offense." This Court

---

[6] As noted earlier, OCGA § 17-10-7 (e) has been in force at the time of every case in which the application of the general recidivist statute versus the specific recidivist sentencing scheme has been debated, and it has never been cited or deemed to be controlling. See cases cited infra.

[7] The majority's passing reference at the close of its opinion to *Mims v. State*, 225 Ga. App. 331 (2) (484 SE2d 37) (1997), is without force in this case. The issue in *Mims* was whether sentences entered on the same day constituted one conviction for purposes of recidivist sentencing. Furthermore, *Mims* is distinguishable on its facts – while Mims was facing sentencing for violating OCGA § 16-13-30 (b), his prior convictions were not all for violations of OCGA § 16-13-30 (b). In *State v. Chambers*, 275 Ga. App. 666 (621 SE2d 588) (2005), the Court of Appeals concluded that the general recidivist statute took precedence when the defendant's prior convictions included convictions for violating statutes other than the statute for which the defendant was then being sentenced for violating (i.e., defendant being sentenced for burglary had prior felony convictions for robbery, criminal damage to property, as well as burglary). That qualification is not present in the case at bar and its propriety is not before the Court.

concluded that the provisions of OCGA § 17-10-7 did not apply in sentencing Mann for his third conviction for violating OCGA § 16-13-30 (b) because OCGA § 16-13-30 (d) could reasonably be interpreted as granting trial courts discretion in sentencing for a third or subsequent offense, and criminal statutes must be construed most favorably to the defendant. See also *Scott v. State*, 248 Ga. App. 542 (2) (545 SE2d 709) (2001) (sentence vacated and case remanded because trial court failed to exercise its discretion to sentence defendant for fourth violation of OCGA § 16-13-30 (b)). The same rule applies in this case — OCGA § 16-13-30 (d) (1994) can reasonably be interpreted as providing the trial court with discretion of sentencing Butler to life imprisonment, and Butler, as a criminal defendant, is to be afforded that favorable construction.

Inasmuch as OCGA § 16-13-30 (d) authorized the trial court to sentence appellant to life imprisonment for his fourth conviction for violating OCGA § 16-13-30 (b), I believe the sentence of life imprisonment without the possibility of parole should be vacated and the case remanded to the Court of Appeals with direction that it remand the case to the trial court for imposition of sentence pursuant to OCGA § 16-13-30 (d). Because the majority concludes that imposition of the sentence of life imprisonment without the possibility of parole was statutorily sound, I respectfully dissent.

DECIDED NOVEMBER 20, 2006.

*Brandon S. Clark, Craig T. Pearson*, for appellant.
*Tom Durden, District Attorney, Sandra Dutton, Assistant District Attorney*, for appellee.